Argued March 5, reversed April 10, 1963

# LINKLATER *v.* NYBERG

380 P. 2d 631

*Carrell F. Bradley,* Hillsboro, argued the cause and filed briefs for appellant.

*Francis W. Linklater,* District Attorney, Hillsboro, argued the cause for respondent. With him on the brief was Richard Smurthwaite, Deputy District Attorney.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

LUSK, J.

This is an appeal by the defendant Clayton Nyberg, a county commissioner of Washington county, from the allowance of a peremptory writ of mandamus commanding the defendant to audit and approve a voucher for the payment of money out of the "enforcement fund" created by ORS 471.670,[①] a section of the Liquor Control Act of this state. The plaintiff is the district

---

[①] ORS 471.670. (1) Except as provided by subsection (2) of this section, all fines imposed by any judge, magistrate or court in the enforcement of the Liquor Control Act shall be forwarded immediately to the county treasurer of the county in which such conviction is had. The county treasurer shall keep the same in a separate fund designated as an enforcement fund. All warrants for any expenditures in the enforcement of that statute, which have been approved by the district attorney of said county, shall be drawn on this fund. All claims shall be verified by the claimants or persons having knowledge or supervision of the expenditures and shall be audited by the county court in the usual manner before presentation for payment thereof. When the enforcement fund exceeds the amount paid to satisfy the total of all claims made against it during the preceding calendar year, the excess amount shall be paid to the general fund of such county by the county treasurer on June 30 and December 31 of each year.

(2) * * * * *

attorney of Washington county who had theretofore approved the expenditure.

The record discloses the following facts: On June 28, 1962, the court caused to be issued an alternative writ of mandamus directed to Clayton Nyberg and Barbara A. Wilcox, county commissioners, and Lena Delplanche, county treasurer of Washington county. The writ recites that the county judge, Joe A. Jaross, was absent from the state. It states that the sum of $1,395 was in the enforcement fund and the unspent portion thereof would be transferred to the general fund of the county on June 30, 1962; that on June 28, 1962, the plaintiff approved, exhibited to, and filed with the defendants Nyberg and Wilcox, as county commissioners, his formal voucher drawn against the liquor enforcement fund for the sum of $1,395 and in favor of Russ Todd to pay for certain alteration work done by Russ Todd upon plaintiff's offices in the Washington county courthouse (which work is described in some detail to show its connection with enforcement of the state's liquor laws) and that the defendants Nyberg and Wilcox refused, without legal cause, to audit and approve the said voucher.

The writ commanded the defendants to approve and pay the voucher from the liquor enforcement fund or, in lieu thereof, to appear at 4 p.m. on June 29, 1962, and show cause why they had not done so.

The defendant Nyberg was served with the writ on June twenty-eighth. The other defendants were not served. The defendant Barbara A. Wilcox appears to have signed approval of the expenditure on June 28th. Nyberg, to whom we shall hereinafter refer as the defendant, filed, on June 29th, a motion for a continuance, a demurrer and an answer, and on the

same day the court, after a hearing, issued a peremptory writ.

It appears, however, that the money was paid to Russ Todd by the county treasurer on June 29, 1962, and that county judge Jaross signed approval of the expenditure some time after December 17, 1962 (the exact date is not disclosed); and these facts are the basis of a motion to dismiss the appeal as moot. The motion previously was denied by this court, with leave to renew it in the briefs and on the oral argument. The motion has been renewed and will now be reconsidered.

■ Since the object of the proceeding was to compel payment of $1,395 to Russ Todd out of the enforcement fund and that is now *fait accompli,* nothing remains for the writ to operate upon and the case in that sense has become moot, *Dimick v. Latourette,* 72 Or 231, 143 P 896; *Jacksonville School District v. Crowell,* 33 Or 11, 52 P 693. The case differs, however, from those cited in that the defendant has not complied with the command of the writ and there is a serious doubt whether the county court, acting as such, has approved the expenditure. Be that as it may, there is a question here of sufficient general public interest to warrant its consideration and decision. *State ex rel v. Smith et al,* 197 Or 96, 126, 252 P2d 550; *Huffman v. Alexander,* 197 Or 283, 333, 251 P2d 87, 253 P2d 289; *State ex rel v. Newbry et al,* 196 Or 331, 337, 248 P2d 840; *Perry v. Oregon Liquor Commission,* 180 Or 495, 499, 177 P2d 406.

■ That question is whether the county courts of this state are required to approve the use of moneys in the enforcement fund whenever the district attorney of the county has approved the expenditure as one proper to be made in the enforcement of the Liquor

Control Act. We think that they have discretion either to approve or disapprove such expenditures and that any uncertainty as to the power and responsibilities of public officials charged with the administration of this fund which might result from dismissal of this appeal should be removed.

ORS 471.670 provides:

"* * * All warrants for any expenditures in the enforcement of that statute, which have been approved by the district attorney of said county, shall be drawn on this fund. All claims shall be verified by the claimants or persons having knowledge or supervision of the expenditures and shall be audited by the county court in the usual manner before presentation for payment thereof. * * *"

"To 'audit' ", says the New York Court of Appeals, "is to hear and examine and includes both the allowance and disallowance of a claim." *N.Y.C. Protectory v. Rockland County,* 212 NY 311, 313-314, 106 NE 80. Many like definitions may be found in the decisions summarized in 4 Words and Phrases (perm ed) 810-816. As the courts hold, to audit a claim involves the exercise of judgment or judicial discretion. *People ex rel Brown v. B'd of Apportionm't,* 52 NY 224, 227; *Etzold v. Board of Commissioners of Huntington County* (Ind) 146 NE 842, 844.

The statute under consideration provides that the claims shall be audited "in the usual manner." Some idea of what the legislature intended by this language may be gathered by referring to the statutes which define the duties and powers of the secretary of state when acting by virtue of his office (Constitution of Oregon, Art VI, § 2) as auditor of public accounts. See ORS 291.464-291.470. It is not necessary to hold that the county court has all the powers in its sphere

that are expressly granted to the secretary of state in his, as, for example, the power to require persons to be sworn and testify concerning the account. ORS 291.466. It is sufficient for present purposes to say that the county court, like the secretary of state, is "vested with the power to decide initially whether the claim presented was in fact incurred and whether it is a type authorized by law." *State ex rel Overhulse et al v. Appling,* 226 Or 575, 588, 361 P2d 86.

■ The mistake of the plaintiff was in assuming that, once he had signed approval of the voucher the duty of the county court to approve it followed as a mere ministerial act. That, we think, was also the mistake of the court in ordering issuance of the peremptory writ of mandamus. Since the allowance of the claim rested "upon the exercise of the discretion of the defendant" the writ could not require him to allow it. *State ex rel Overhulse et al v. Appling,* supra, 226 Or at 598. See, also, *Boyd v. Dunbar,* 44 Or 380, 382-384, 75 P 695.

In view of this conclusion there is no occasion to consider now the contentions of the defendant that the expenditure in question is one that could only be authorized by the county court under the power vested in it by ORS 203.120 to provide for the erection and repair of courthouses and other county buildings, and that moneys in the enforcement fund cannot be legally used to pay a bill incurred for the alteration of the offices of the district attorney. If, as counsel for the defendant indicated might be done, an action to recover the moneys paid out to Russ Todd should be brought by the county, these questions can then be determined.

We add that we do not approve the unseemly haste which characterized this proceeding. There was no

emergency which justified it. In the ordinary case a defendant is given ten days in which to plead to a complaint and ample time thereafter in which to prepare for trial. In this case the defendant had 24 hours in which to do all of this. He consulted an attorney who prepared his pleadings, but who, because of a previous commitment, was unable to appear and represent the defendant at the hearing. As stated, the defendant moved for a continuance. No order disposing of this motion appears in the record, though obviously it was denied. It should have been allowed and the case permitted to proceed in orderly fashion with full opportunity to the defendant in person and by attorney to present his defense.

The judgment is reversed.