Argued and submitted March 7, remanded with directions
to dismiss case as moot June 1, 1983

# AMALGAMATED TRANSIT UNION, LOCAL DIVISION 757,
*Respondent,*
*v.*
# LANE COUNTY MASS TRANSIT DISTRICT,
*Appellant.*

(TC 16-82-07279, SC 29194)

663 P2d 1244

Joseph S. Kaufman, Baltimore, Maryland, argued the
cause for appellant. With him on the brief were D. Christopher
Ohly, and Melnicove, Kaufman, Weiner & Smouse, P.A., Bal-
timore, Maryland, and Bryson & Bryson, Eugene, Oregon.

Kalman D. Resnick, Chicago, Illinois, argued the cause for
respondent. With him on the brief were Linda R. Hirshman,

and Jacobs, Burns, Sugarman & Orlove, Chicago, Illinois, and Roy Dwyer, P.C., Eugene, Oregon.

Before Lent, Chief Justice, and Peterson, Campbell, Roberts, Carson, and Jones, Justices.

PER CURIAM

## PER CURIAM

Plaintiff, Local Division 757, Amalgamated Transit Union (Union), moves to dismiss defendant Lane County Mass Transit District's (District) appeal on the grounds of lack of jurisdiction[1] and mootness. District appealed from a circuit court order granting Union's motion for a preliminary injunction restraining District "* * * from altering the rights, privileges and benefits of the Union and its members existing prior to September 1, 1982, unless modified by an agreement of the parties resulting from collective bargaining or binding interest arbitration."

Union and District executed a collective bargaining agreement July 2, 1978, which was to expire June 30, 1981. The parties had also entered into a so-called "§ 13(c) agreement" on June 19, 1975, so that District would qualify for a capital grant from the Federal Urban Mass Transportation Administration. *See* Urban Mass Transportation Act § 13(c), 49 USC § 1609(c) (1976).

The parties had not agreed to a new collective bargaining agreement when the 1978 agreement expired in 1981. On July 1, 1981, they agreed temporarily to extend the terms and conditions of the 1978 agreement. Negotiations continued.

After Union demanded that District submit to binding interest arbitration and District refused, Union filed suit in the United States District Court for the District of Oregon seeking a preliminary and permanent injunction to require District to arbitrate. This case was ultimately dismissed in light of the decision of the Supreme Court of the United States in *Jackson Transit Authority v. Transit Union,* 457 US 15, 102 S Ct 2202, 72 L Ed 2d 639 (1982).

While the suit to compel arbitration was pending in the federal court, District notified Union that it intended to implement unilaterally its final comprehensive offer, as of September 1, 1982. Union then filed a complaint in the circuit court asking for a temporary restraining order and a preliminary injunction, based on the parties' 13(c) agreements. The

---

[1] Because we decide this case on the ground of mootness, we express no opinion whether this court has jurisdiction under ORS 662.120.

trial court issued a temporary restraining order and then granted Union's motion for a preliminary injunction which provided:

"IT IS HEREBY ORDERED that Defendant Lane County Mass Transit District is enjoined and restrained from altering the rights, privileges and benefits of the Union and its members existing prior to September 1, 1982, unless modified by an agreement of the parties resulting from collective bargaining or by binding interest arbitration. This preliminary injunction shall remain in effect until further order of this Court."

District appealed to this court claiming that appellate jurisdiction existed under ORS 662.120. While the appeal was pending, the parties entered into a new collective bargaining agreement and a "hold harmless" agreement which provides that neither District nor Union "will pursue any action for damages, attorneys fees, court costs, or other monetary relief" as a result of this case. Union asserts that this case is now moot.

District claims that the case should not be dismissed because the issue of the propriety of the injunction is of general public importance, and there is a likelihood of the issue recurring. District relies upon *Perry v. Oregon Liquor Commission,* 180 Or 495, 177 P2d 406 (1947), which involved an appeal from a decree setting aside and cancelling an order of the Oregon Liquor Control Commission suspending for a period of 60 days a license issued to the plaintiff. Even though the question of the correctness of the circuit court decree was moot, we decided the case under a recognized exception to the rule that courts ordinarily do not determine moot questions.

"Where the question is one involving the public welfare, and there is a likelihood of it being raised again in the future, a court in the exercise of its discretion may decide it for the guidance of an official administrative agency. The rule is thus stated in 1 C.J.S., Actions § 17:

"'* * * A court ordinarily will not entertain an action or proceeding merely for the purpose of passing on a moot question or abstract proposition, unless * * * the determination of such question or proposition is necessary to the disposition of an actual pending controversy, or unless some question of general public interest is involved.' " (Citations omitted.) 180 Or at 498-99.

District argues:

"The importance of a ruling in this case revolves around the fact that all publicly owned transit systems in the State of Oregon have been and will continue to receive substantial federal assistance in order to continue their operation. Each recipient is subject to the provisions of § 13(c) of UMTA and of § 13(c) agreements, either identical or similar to the one involved in this case. It is therefore imperative for the continued effective operation of public transit systems that they be able to have a determination of their rights, duties and obligations at the expiration of the term of a collective bargaining agreement."

Union urges that the issue here involved has significance to the parties only and that there is no likelihood that the questions presented here will be raised again; that in order for the issue of the correctness of the injunction to recur, these parties would have to fail to agree upon a new collective bargaining agreement by the time the present agreement expires in June, 1985, and District would then have to implement unilaterally terms and conditions of employment which are different from those of the present agreement.

So far as we are aware, this case does not present a question of importance other than to these litigants. We know of no previous case involving section 13(c) agreements litigated by any Oregon transit district or transit union. The likelihood of recurrence between these parties or involving other parties is not so great as to justify a decision by this court on the merits of the dispute.

We accordingly remand this case to the circuit court with directions to dismiss the case as moot.[2]

---

[2] This is the proper disposition of a case which becomes moot on appeal. *See Board of Regents of the University of Texas System v. New Left Education Project,* 414 US 807, 94 S Ct 118, 38 L Ed 2d 43 (1973), *vacating and remanding,* 472 F2d 218 (1973); *United States v. Munsingwear,* 340 US 36, 71 S Ct 104, 95 L Ed 36 (1950); 13 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure, § 3533, at 292-94 (1975).