Original proceeding in mandamus, alternative writ issued September 25, return filed November 23, alternative writ dismissed December 11, 1984

STATE ex rel OREGONIAN PUBLISHING COMPANY et al,
*Plaintiff-Relators,*

*v.*

SAMS,
*Defendant.*

(79-726; SC S30963)

692 P2d 116

Charles F. Hinkle, Portland, for plaintiffs-relators.

Dave Frohnmayer, Attorney General, James E. Mountain, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, for defendant.

PER CURIAM

## PER CURIAM

On July 27, 1984, relators petitioned this court for an alternative writ of mandamus, alleging that defendant circuit judge had conducted a closed hearing in a judicial proceeding and specifically had excluded relator Joan Laatz, a reporter for the newspaper published by relator Oregonian Publishing Company, from attending that hearing. The petition alleged that defendant had done so pursuant to ORS 136.617,[1] and that this statute, to the extent that it provides for closed hearings, contravenes Or Const art I, § 10 and the federal first amendment.[2] The petition ended by requesting that an alternative writ issue directing defendant "to vacate his orders (1) excluding the public from a hearing on the State's motion to compel Frederick E. Hazeem to testify in the trial of Dennis Richard Brooks and (2) refusing to release a transcript of the hearing to the public and to the press; or to show cause at a time to be fixed by this Court for not doing so."

We issued an alternative writ on September 25, 1984, because of doubt whether the closed hearings contemplated by ORS 136.617 were compatible with the command of Or Const art I, § 10, supra n. 2, that "no court shall be secret, but justice shall be administered, openly * * *," as that command was

---

[1] ORS 136.617:

"In any criminal proceeding before a court of record or in any proceeding before a grand jury, or in any proceeding before a court of record under ORS 646.760, if a witness refuses to testify or produce evidence of any kind on the ground that the witness may be incriminated thereby, the prosecuting attorney shall show reasonable cause to believe the witness possesses knowledge relevant to the proceeding, or that no privilege protects the evidence sought to be produced. The witness may show cause why the witness should not be compelled to testify or produce evidence. The court shall order the witness to testify regarding the subject matter under inquiry upon such showing of reasonable cause or shall order the production of evidence upon a finding that no privilege protects the evidence sought, unless the court finds that to do so would be clearly contrary to the public interest. The court shall hold the summary hearing outside the presence of the jury and the public and may require the prosecuting attorney to disclose the purpose of the testimony or evidence. The witness shall be entitled to be represented by counsel at the summary hearing."

[2] Art I, § 10:

"No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, * * *."

Amendment I:

"Congress shall make no law * * * abridging the freedom of speech, or of the press; * * *."

interpreted in *State ex rel Oregonian Publishing Co. v. Deiz,* 289 Or 277, 613 P2d 23 (1980), and the writ was served on defendant on September 28, 1984.

On November 23, 1984, defendant made return to the alternative writ by filing a Certificate of Compliance, dated November 8, 1984, which certified "that he has done as he is therein commanded, as follows:

> "Defendant entered no written orders (1) excluding the public from a hearing on the State's motion to compel Frederick E. Hazeem to testify in the trial of Dennis Richard Brooks and (2) refusing to release a transcript of the hearing to the public and to the press. Consequently, there are no orders which require formal vacating. However, by copy of this certificate, mailed to counsel for plaintiff-relators on this date, defendant has advised plaintiff-relators that the oral rulings described above are no longer in effect."

On its face, the certificate shows compliance with one of the alternatives commanded by our writ, and there seems to be no further action for us to command under the writ. Relators, however, have filed a motion asking us to "decide the case on the merits" and to establish a briefing schedule for that purpose. Relators cite past opinions in this court that contain language to the effect that the court might consider moot issues if the question presented is of recurring public interest. *See Linklater v. Nyberg,* 234 Or 117, 120, 380 P2d 631 (1963), *State ex rel v. Newbry,* 196 Or 331, 337, 248 P2d 840 (1952), both of which relied on *Perry v. Oregon Liquor Control Comm.,* 180 Or 495, 177 P2d 406 (1947). Without reviewing here whether those cases were rightly decided under their own circumstances or whether they can be distinguished from the present case, we note that this court has not in recent years accepted the view that it is a proper judicial function to render a legal opinion "in the public interest" when there is no concrete underlying dispute to be decided. *See, e.g., Oregon Medical Association v. Rawls,* 281 Or 293, 301, 574 P2d 1103 (1978).

Relators argue that the problem presented by this case is likely to recur often, but that the nature of orders closing a hearing will prevent a timely decision of the constitutional question by this court before the individual concrete

case becomes moot. Perhaps the appropriate remedy for challenging a recurring practice that is believed to be illegal is by declaratory judgment, ORS 28.010, ORS 28.050; that question is not before us now. We hold, however, that a court cannot properly pursue an issue upon an alternative writ of mandamus after the person to whom the writ is addressed has complied with its command.

The alternative writ of mandamus is dismissed.