On respondent City of Portland's reconsideration filed December 16, 1986; on respondent Metropolitan Area Local Government Boundary Commission's reconsideration filed December 17, 1986 and on League of Oregon Cities' *amicus curiae* memorandum in support of petitions for reconsideration filed December 31, 1986, reconsideration allowed; former opinion (82 Or App 193, 728 P2d 63) modified and adhered to as modified February 11, both petitions for review allowed April 22, 1987

(303 Or 331)

## MID-COUNTY FUTURE ALTERNATIVES COMMITTEE et al,
*Petitioners,*

*v.*

## PORTLAND METROPOLITAN AREA LOCAL GOVERNMENT BOUNDARY COMMISSION et al,
*Respondents.*

(2077, 2078, 2086, 2087;
CA A36033 (control), A36034, A36035, A36036)

733 P2d 451

Jeffrey L. Rogers, City Attorney, Kathryn Beaumont Imperati, Chief Deputy City Attorney, Ruth Spetter, Deputy City Attorney, and Adrianne Brockman, Deputy City Attorney, Portland, for petition of City of Portland.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, Michael B. Huston, Assistant Attorney General, and Richard D. Wasserman, Assistant Attorney General, Salem, for petition of Metropolitan Area Local Government Boundary Commission.

Timothy J. Sercombe, and Harrang, Long, Watkinson & Arnold, P.C., Eugene, for *amicus curiae* petition of League of Oregon Cities.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitions for review have been filed by the City of Portland and the Portland Metropolitan Area Local Government Boundary Commission, as well as a memorandum in support of petitions filed by the League of Oregon Cities as *amicus curiae.* We allow the petitions and modify our former opinion in one respect. ORAP 10.10.

■■ In our former opinion, 82 Or App 193, 728 P2d 63 (1986), we concluded by stating that ORS 199.490(2) violates Article I, section 20, of the Oregon Constitution. That section permits a governing body to initiate an annexation by resolution after receiving the consents of a "triple majority" of the landowners in the territory proposed to be annexed. Petitioners point out, correctly, that there is no constitutional defect in that consent process itself. The only infirmity in the statutory annexation scheme is that the "triple majority" consent process permits, and is a prerequisite to, annexation without an election by virtue of ORS 199.495(1). It is that statute which provides that a "triple majority" annexation is not subject to an election, even if the requisite number of objections are filed, ORS 199.505, although other annexations, except those under ORS 222.880 and ORS 222.750, do require an election under those circumstances. ORS 199.505.

Accordingly, we modify our former opinion to provide that ORS 199.495(1), as it relates to annexations initiated pursuant to ORS 199.490(2), violates Article I, section 20, of the Oregon Constitution. We withdraw the statement in our former opinion that ORS 199.490(2) is unconstitutional.

Petitioners urge us to hold that our decision is not to be applied retroactively. Because that issue was not briefed or argued in this court, it would be inappropriate to decide it now. Our decision disposed of the four orders of the Boundary Commission that were on review in this court, and that is all that we were asked to decide.

Reconsideration allowed; former opinion modified and adhered to as modified.