Argued and submitted January 20, reversed and remanded July 8, reconsideration
denied August 4, 1987

KAY et al,
*Respondents on Review,*
TAKASHIMA,
*Plaintiff,*

*v.*

DAVID DOUGLAS
SCHOOL DISTRICT NO. 40 et al,
*Petitioners on Review.*

(TC A8404-02438; CA A32742; SC S33089)

738 P2d 1389

Kelly Clark, Portland, argued the cause and filed the petition for Petitioners on Review.

Charles F. Hinkle, Portland, argued the cause and filed the response for respondents on review.

LINDE, J.

## LINDE, J.

Plaintiffs sued for declaratory and injunctive relief against inclusion of formal prayer in the commencement exercises of the David Douglas High School graduating class of 1984, relying on provisions of the Oregon Constitution and the federal civil rights law, 42 USC § 1983. The circuit court entered a judgment granting the requested relief and awarding costs and attorney fees to plaintiffs. The Court of Appeals affirmed the judgment, holding that the inclusion of the invocation proposed by defendants would violate Article I, sections 2 and 5, of the Oregon Constitution.[1] *Kay v. David Douglas Sch. Dist. No. 40,* 79 Or App 384, 719 P2d 875 (1986). We hold that on the date of the circuit court's judgment there was no justiciable controversy before the court and that the Court of Appeals should have ordered dismissal of the proceeding.

When the circuit court signed the challenged judgment, the commencement exercises were past. No plaintiff demanded, nor did any allege facts entitling that plaintiff to demand, more general relief against future practices of defendants. The plaintiffs were four members of the high school class scheduled to graduate in May 1984, and Bette Disselbrett, the mother of one of the students. Their complaint was filed on April 24, 1984 and amended on April 25, 1984. On that date, the circuit court ordered defendants to show cause why the challenged religious activities should not be enjoined, and a show cause hearing was held on May 4. At the end of the hearing, the presiding judge delivered an oral opinion from the bench, ending with the court's conclusion that injunctive relief enjoining formal prayer at the 1984 commencement exercises should be allowed, and announcing that "that will be

---

[1] Article I, section 2 of the Oregon Constitution provides:

"All men shall be secure in the Natural right, to worship Almighty God according to the dictates of their own consciences."

Article I, section 5 of the Oregon Constitution provides:

"No money shall be drawn from the Treasury for the benefit of any religeous [sic], or theological institution, nor shall any money be appropriated for the payment of any religeous [sic] services in either house of the Legislative Assembly."

The opinion of the Court of Appeals preceded and therefore did not have an opportunity to consider our opinion in *Cooper v. Eugene Sch. Dist. No. 4J,* 301 Or 358, 723 P2d 298 (1986). We do not imply approval or disapproval of the conclusions of the circuit court or the Court of Appeals.

the Order of this Court." The court then asked plaintiffs' attorney to prepare an order in consultation with the attorney for defendants.

After further proceedings on June 28, 1984 on plaintiffs' costs and attorney fees, the circuit court signed a judgment declaring that inclusion of formal public prayer at defendants' commencement exercises "violates Articles I, sections 2, 3 and 5 of the Oregon Constitution and the First Amendment of the United States Constitution," and enjoining defendants from including such prayer in "the commencement exercises for the 1984 graduating class of David Douglas High School." It is undisputed that these exercises had occurred earlier as scheduled. The court also awarded plaintiffs attorney fees of $2,900 and $196.50 in costs and disbursements.

On appeal, both sides took the position that the case was not moot, plaintiffs on grounds that the facts leading to the judgment were capable of repetition, yet evading review, and defendants because the judgment would collaterally estop them in the future and because of the judgment awarding plaintiffs attorney fees. The Court of Appeals stated in a footnote:

> "This appeal is not moot, however, because the award of attorney fees is predicated on plaintiffs' entitlement to an injunction. Additionally, we retain jurisdiction, because the problem here is one 'capable of repetition, yet evading review.' "

79 Or App.at 386 n 1, 719 P2d 875 (citation omitted).

The problem, however, is not whether the appeal was moot, but whether a justiciable controversy between the parties existed at the time of the circuit court's judgment. A party with standing under the various applicable tests might, of course, seek relief against future repetitions of the challenged governmental act, but these plaintiffs presented no such claims to the circuit court. And a court cannot either mandate or enjoin an act after it has been completed, at least not until the cosmological theory of reversible time is better established. Suggestions to the contrary which date from language in *Perry v. Oregon Liquor Commission,* 180 Or 495, 498-99, 177 P2d 406 (1947), have been discarded in recent cases and should not be followed. *See Cooper v. Eugene Sch. Dist. No. 4J,*

301 Or 358, 367 n 9, 723 P2d 298 (1986); *Hay v. Dept. of Transportation,* 301 Or 129, 134, 719 P2d 860 (1986); *State ex rel Oregonian Publishing Co. v. Sams,* 298 Or 329, 332, 692 P2d 116 (1984).

The judgment holding defendants liable for plaintiffs' attorney fees might have prevented the case from becoming moot on appeal, because that award depended on plaintiffs' success on the merits.[2] But the award of attorney fees did not occur until the court signed a written order or judgment, which the court did only on June 28, 1984, more than a month after the scheduled commencement exercises.

The court's oral opinion from the bench following the May 4 hearing was not an order or a judgment. The Oregon Rules of Civil Procedure require ordinary injunctions as well as judgments to be in writing and signed by the judge. ORCP 70A., 79B.(2), 79D.[3] Rule 70A. states this expressly with respect to judgments (which include decrees, ORCP 67A.), and it also is clear with respect to preliminary injunctions from the requirement of Rule 79D. that prescribes the details

---

[2] Attorney fees were claimed both under Oregon law, *see Deras v. Myers,* 272 Or 47, 535 P2d 541 (1975), and under 42 USC § 1988 for plaintiffs' federal claims under 42 USC § 1983.

[3] ORCP 70A. provides:

"Every judgment shall be in writing plainly labeled as a judgment and set forth in a separate document. A default or stipulated judgment may have appended or subjoined thereto such affidavits, certificates, motions, stipulations, and exhibits as may be necessary or proper in support of the entry thereof. No particular form of words is required, but every judgment shall specify clearly the party or parties in whose favor it is given and against whom it is given and the relief granted or other determination of the action. The judgment shall be signed by the court or judge rendering such judgment or, in the case of judgment entered pursuant to Rule 69 B.(1) by the clerk."

ORCP 79B.(2) provides:

"Every temporary restraining order granted without notice shall be endorsed with the date and hour of issuance, shall be filed forthwith, shall define the injury and state why it is irreparable, and shall state why the order was granted without notice."

ORCP 79D. provides:

"Every order granting a preliminary injunction and every restraining order shall set forth the reasons for its issuance, shall be specific in terms, shall describe in reasonable detail (and not by reference to the complaint or other document) the *act or acts sought to be restrained, and is binding only* upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise."

required to be set forth in such orders. If an injunctive order did not have to be reduced to writing, compliance would depend on the memories of the participants in the hearing and would lead to disputes that could only be decided by transcribing the record of the hearing. It is doubtful that the circuit judge in this case thought that he was pronouncing a preliminary injunction in terms satisfying ORCP 79D.; in fact, he spoke in the future tense and asked plaintiffs' attorney to prepare an order. Signing the order was no merely ministerial act; if the judge had changed his mind or decided to add or alter details of his decision, he was not bound to what he said from the bench.

■ Consequently, there was no effective judgment until it was signed and entered according to ORCP 70B.[4] On the face of the pleadings and the interests asserted by these plaintiffs, there was by that date nothing for the court to decide. The circuit court should have dismissed the proceedings after the commencement exercises were over. The Court of Appeals should have so decided on its own motion. As the judgment for attorney fees would fall along with the belated judgment entered by the circuit court, defendants' reason for maintaining their appeal also would disappear.

The decision of the Court of Appeals is reversed, and the case is remanded to the circuit court with instructions to vacate the judgment, with no costs to either party in that court or on appeal.

---

[4] ORCP 70B.(2) provides:

"Notwithstanding ORS 3.070 or any other rule or statute, for purposes of these rules, a judgment is effective only when entered as provided in this rule."