Argued and submitted June 2, petitions for review dismissed September 9, reconsideration denied October 20, 1987

## MID-COUNTY FUTURE
## ALTERNATIVES COMMITTEE et al,
*Respondents on Review,*

*v.*

## METROPOLITAN AREA LOCAL GOVERNMENT
## BOUNDARY COMMISSION et al,
*Petitioners on Review.*

(2077, 2078, 2086, 2087)
(CA A36033, A36034, A36035, A36036)
(SC S33510, S33522)

742 P2d 47

Michael D. Reynolds, Assistant Attorney General, Salem, argued the cause for petitioner on review Portland Metropolitan Area Local Government Boundary Commission. On the petition for review were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Michael B. Huston and Richard D. Wasserman, Assistant Attorneys

General, Salem. With him on the responses to the Court's questions were Mr. Frohnmayer and Ms. Linder.

Jeffrey L. Rogers, City Attorney, Portland, argued the cause for petitioner on review City of Portland and filed responses to the Court's questions. With him on the petition for review were Kathryn Beaumont Imperati, Chief Deputy City Attorney, and Ruth Spetter and Adrianne Brockman, Deputy City Attorneys, Portland.

Gregory W. Byrne, Portland, argued the cause for respondents on review. With him on the response to the Court's questions was George E. Birnie, Portland.

Matthew R. Baines, Assistant City Attorney, Gresham, filed an *amicus curiae* brief on behalf of the City of Gresham. With him on the brief and response to the Court's questions was Thomas Sponsler, City Attorney, Gresham.

Janet Noelle Billups, Assistant County Counsel, Portland, filed an *amicus curiae* brief on behalf of Multnomah County. With her on the brief was Laurence Kressel, County Counsel for Multnomah County, Portland.

Timothy J. Sercombe, of Harrang, Long, Watkinson & Arnold, P.C., Eugene, filed responses to the Court's questions on behalf of *amicus curiae* League of Oregon Cities.

William J. Juza, City Attorney, Salem, waived briefing on behalf of *amicus curiae* City of Salem, stating that the briefs filed on behalf of petitioners on review and other *amici* fully present the City of Salem's position.

PER CURIAM

## PER CURIAM

By final orders of March 28, 1985, the Portland Metropolitan Area Local Government Boundary Commission ordered that certain tracts of land be annexed to the City of Portland as of that date. Opponents of the annexations sought judicial review in the Court of Appeals, and that court held that "ORS 199.495(1), as it relates to annexations initiated pursuant to ORS 199.490(2), violates Article I, section 20, of the Oregon Constitution." *Mid-County Future Alt. v. Metro. Area LGBC,* 83 Or App 552, 555, 733 P2d 451 (1987); 82 Or App 193, 728 P2d 63 (1986). Accordingly, that court ordered the Commission to set aside the orders of March 28, 1985.

The City of Portland and the Commission each petitioned this court for review. On April 22, 1987, we allowed both petitions. 303 Or 331, 736 P2d 565.

While these cases were pending in this court, the Oregon Legislative Assembly passed Senate Bill 556, now Oregon Laws 1987, chapter 818, effective July 18, 1987. Section 3 of that Act provides:

> "Notwithstanding any other provision of this chapter or ORS chapter 222, territory annexed or transferred to a city or district by a minor boundary change approved by a boundary commission's final order adopted after January 1, 1985, but before the effective date of this 1987 Act shall be in the annexing city or district by operation of this 1987 Act commencing upon the effective date of the boundary commission's final order. The creation by this 1987 Act of annexations shall not void or impair any prior or subsequent minor boundary changes inside or outside of the affected territory."

We asked the parties and the various *amici curiae* if there was any reason why we should not regard these cases as being moot by reason of the passage of chapter 818. The parties acknowledged that the annexations at issue fall within the language of section 3; nevertheless, the parties and *amici* all argued that the cases are not moot. The various arguments rest on contentions that chapter 818 and Oregon Laws 1987, chapter 737, effective September 27, 1987 (Senate Bill 9), are invalid because they violate the Oregon Constitution.

We conclude that these cases are not the proper vehicle to address the issue of constitutionality of chapters 818 and 737.

These annexations no longer depend for validity on the constitutionality of ORS 199.495(1) as it relates to annexations initiated pursuant to ORS 199.490(2). The territory in dispute has been annexed by another means, legislative command. The only reason advanced to justify continuation of the case here is the claimed importance of resolution to local governments around the state. This court, of late, has consistently declined to decide nonjusticiable or moot cases, despite claims of public importance, because of our regard for the constitution of this state, which separates the powers and functions of the departments of government, Or Const, Art III, § 1, and vests in the courts only the "judicial power." Or Const, Art VII (Amend), § 1. *See Cooper v. Eugene Sch. Dist. No. 4J,* 301 Or 358, 367-68 n 9, 723 P2d 298 (1986); *Hay v. Dept. of Transportation,* 301 Or 129, 134, 719 P2d 860 (1986); *State ex rel Oregonian Publishing Company v. Sams,* 298 Or 329, 332, 692 P2d 116 (1984); *Oregon Medical Association v. Rawls,* 281 Or 293, 302, 574 P2d 1103 (1978); *see also Oregon Republican Party v. State of Oregon,* 301 Or 437, 440, 722 P2d 1237 (1986).

Without expressing an opinion on the merits of these cases, we dismiss the petitions for review.