Argued and submitted December 16, 1987, remanded with instructions to dismiss complaint as moot April 6, 1988

## MILLER BRANDS, INC.,
*Respondent,*

*v.*

## OREGON LIQUOR CONTROL COMMISSION,
*Appellant,*

## COLUMBIA RIVER BREWERY, INC., et al,
*Defendants,*

## G. HEILEMAN BREWING COMPANY, INC.,
dba Blitz Weinhard Brewing Company,
Blitz Weinhard Co.,
and Blitz Weinhard Company, Inc.,
*Appellant.*

(A8505-02765; CA A41773)

752 P2d 320

Michael D. Reynolds, Assistant Attorney General, Salem,

argued the cause for appellant The Oregon Liquor Control Commission. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Charles F. Hinkle, Portland, argued the cause for appellant G. Heileman Brewing Company, Inc. With him on the briefs were Edward J. Reeves and Stoel, Rives, Boley, Fraser & Wyse, and Stoel, Rives, Boley, Jones & Grey, Portland.

G. Kenneth Shiroishi, Portland, argued the cause for respondent. With him on the brief was Dunn, Carney, Allen, Higgins & Tongue, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this declaratory judgment action, seeking to have ORS 473.030(7)[1] declared unconstitutional. In its pleadings, plaintiff also sought to have defendant Oregon Liquor Control Commission (OLCC) enjoined from allowing tax credits pursuant to the statute and required to collect amounts equal to past credits from the taxpayers which had received them. After the trial court granted partial summary judgment in plaintiff's favor on the issue of the statute's constitutionality, plaintiff voluntarily dismissed the claim through which it sought relief other than the declaration on that issue, and it moved for the entry of final judgment. Its motion states, *inter alia:*

> "[T]he court having previously entered an order granting plaintiff's motion for partial summary judgment declaring the provisions of ORS 473.030(7) not constitutional, *and there being no other issues to be adjudicated,* plaintiff moves for entry of an appropriate final order and judgment." (Emphasis supplied.)

The trial court entered a judgment declaring the statute unconstitutional and dismissing the other claim, and defendants OLCC and Heileman appeal. While this appeal was pending, the legislature repealed ORS 473.030(7), effective January 1, 1988. Or Laws 1987, ch 608, §§ 3 and 12. OLCC has moved that we remand the case to the circuit court with instructions to dismiss it as moot. Plaintiff opposes the motion.

As a general—if not universal—rule, the amendment or repeal of a statute moots pending cases in which the controversy turns on the constitutionality of the unamended or existing statute. *Mid-County Future Alt. v. Metro. Area LGBC,* 304 Or 89, 742 P2d 47 (1987). Here, the constitutionality of the since repealed statute was the only controversy which

---

[1] The statute provided:

"A tax credit or credits up to the amount of $200,000 in any year shall be allowed against the taxes imposed by subsection (1) of this section where a taxpayer has in the applicable tax year purchased or contracted to purchase items of plant, machinery or equipment for the use by the taxpayer within the State of Oregon in the manufacture of malt beverages."

Plaintiff contended that the statute violated various constitutional provisions by giving tax credits to plaintiff's competitors for which it was not eligible.

remained in the case, after plaintiff withdrew its claim for other relief, and the constitutional issue was the only issue on which the trial court made a substantive ruling. Plaintiff nevertheless argues:

"ORS 473.030(7) provided defendant G. Heileman Brewing Company, Inc. ('Heileman') with the right to claim a tax credit for investment in plant, equipment and machinery to be used for the manufacture of beer in Oregon. In its judgment of September 15, 1986, the Multnomah County Circuit Court found ORS 473.030(7) to be unconstitutional. Subsequent to the entry of this judgment, the Oregon Legislature repealed ORS 473.030(7). 1987 Or. Laws Ch. 608, § 3. However, the repeal is not effective until January 1, 1988. *Id.* at § 12. Therefore, without the judgment of the trial court, ORS 473.030(7) would remain in effect until January 1, 1988 and would permit defendant Heileman and other qualifying local brewers to receive, for approximately fifteen more months, the unconstitutional commercial advantage which plaintiff, in this action, has sought to remedy. Affirmance by this court of the trial court judgment will prevent this harm to plaintiff. Thus, despite the repeal of ORS 473.030(7), this case is not moot.

"* * * [D]efendants' memoranda now imply that plaintiff's voluntary dismissal of its claim for injunctive relief somehow has mooted the controversy with respect to plaintiff, in effect arguing that plaintiff sought only a declaration that ORS 473.030(7) was unconstitutional; the Legislature has now made such a declaration by repealing the statute; therefore, affirmance of this action will give plaintiff no further relief. But this argument ignores the effectiveness of the declaratory judgment as a device to provide plaintiff immediate prospective relief from unconstitutional economic discrimination during the fifteen month gap period still at issue in this case.

"By dismissing its claim for injunctive relief, plaintiff dropped only its demand for relief from the period *prior* to the judgment. *See* Second Amended Complaint, Second Claim for Relief. Although plaintiff's claim for injunctive relief included a request that the court formally enjoin future grants by the Oregon Liquor Control Commission ('OLCC') of tax credits under subsection (7), plaintiff did not, by the dismissal of that request, eliminate a basis for immediate prospective relief." (Emphasis plaintiff's.)

The main point of plaintiff's argument appears to be that, notwithstanding the fact that it voluntarily withdrew its

claims for injunctive and mandatory relief, the court's declaration that the statute was unconstitutional implicitly carried with it some or all of the other relief which plaintiff sought explicitly in its complaints and explicitly decided to forego later in the proceedings. *See* note 2, *infra.*

It is undoubtedly true that a judicial ruling that a statute is unconstitutional may have secondary impacts and may affect matters and events on which no ruling was made. It is equally true, however, that courts may decide only the controversies which are presented to them, and the fact that a judicial decision may have an impact on issues that are not presented or decided does not make those issues part of the controversy or part of the decision. *Compare Libertarian Party of Oregon v. Roberts,* 305 Or 238, 240, n 2, 750 P2d 1147 (1988). Plaintiff's present argument amounts to nothing more than an attempt to reintroduce issues which it voluntarily withdrew from the case.[2] The only issue before the trial court and the only issue in this appeal is whether *former* ORS 473.030(7) was constitutional. Neither the statute nor the issue exists. We allow OLCC's motion. *See Amalgamated Transit v. Lane Co. Mass Transit,* 295 Or 117, 663 P2d 1244 (1983).

Remanded with instructions to dismiss complaint as moot.

---

[2] We also note that, if plaintiff were correct in its attempt to distinguish those abandoned issues from the "immediate prospective relief" which it contends was not within the scope of the withdrawn claims, it would be attempting at this untimely date to introduce issues which never were in the case. However, plaintiff's present attempt to define which issues were or were not encompassed by the voluntary withdrawal is belied by its motion for entry of judgment. The motion recited that, in the light of the withdrawn claim and of the court's decision of the constitutional question, no other issues remained to be adjudicated.