Argued and submitted June 27, appeal dismissed as moot August 17, 1988

REIMAN et al,
*Appellants,*

*v.*

EUGENE EDUCATION ASSOCIATION et al,
*Respondents.*

(16-87-03570; CA A45910)

759 P2d 295

Michael McGrady, Eugene, argued the cause and filed the briefs for appellants.

Joe B. Richards, Eugene, argued the cause for respondent Eugene School District 4J. With him on the brief were Leif A. Palmer and Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Henry H. Drummonds, Portland, argued the cause for respondent Eugene Education Association. With him on the brief were Marcia Ohlemiller and Durham, Drummonds, Colombo & Smith, Portland.

Before Buttler, Presiding Judge, and Rossman, Judge, and Riggs, Judge pro tempore.

BUTTLER, P. J.

## BUTTLER, P. J.

This action for declaratory and injunctive relief was filed by the parents of two elementary school children in the Eugene School District. Although the caption states "on behalf of all others similarly situated," the case has never been certified as a class action. Plaintiffs allege that a strike by Eugene School teachers had closed the schools indefinitely and that their children's state constitutional rights were violated by a statute authorizing the strike. They sought an injunction barring the Eugene Education Association from striking, requiring the union and the school district to submit their labor dispute to final and binding arbitration and declaring that the Public Employes Collective Bargaining Act (ORS 243.650 *et seq*) is unconstitutional insofar as it authorized "the present strike."

The circuit court denied a preliminary injunction on May 6, 1987, and plaintiffs sought certification to the Oregon Supreme Court under ORS 662.120, part of the so-called "Little Norris-LaGuardia Act" regulating injunctions and labor disputes. The labor dispute and strike ended on May 8, 1987, and on June 16 the Supreme Court dismissed the appeal as moot.

On August 28, 1987, about three and one-half months after the strike had ended, the circuit court issued an order dismissing the action, holding that it lacked jurisdiction and that plaintiffs' constitutional claims could not be sustained. On November 10, 1987, approximately six months after the strike had ended, plaintiffs caused a final judgment to be entered and then filed their notice of appeal.

Because the strike about which plaintiffs complained had ended before the final judgment was entered, it is clear that the requests for injunctive relief are moot and that the request for an order mandating binding arbitration of the underlying labor dispute is also moot. Plaintiffs did not amend their complaint after the strike had ended to allege any continuing injury, such as that plaintiffs' children had suffered or would suffer continuing injury after the strike ended, that state requirements for the number of required school days were not met or that minimum standards of education were not met for the school year as a whole. They contend, however, that the action is not moot, because "it is capable of repetition

yet evades review." Although that reason may have been a basis at one time for a court's assuming jurisdiction, it is no longer. *Kay v. David Douglas Sch. Dist. No. 40,* 303 Or 574, 738 P2d 1389 (1987).

The only issue that arguably is not moot is in plaintiffs' prayer:

> "3. For an Order declaring ORS 243.726 unconstitutional under either the Oregon Constitution or the United States, or both, insofar as ORS 243.726 authorizes the present strike."

Assuming that that prayer may be treated as an allegation that the statute is unconstitutional, because it authorizes a strike by public school teachers, plaintiffs have not alleged any continuing controversy about that general question or that they have standing to challenge the statute. All of plaintiffs' allegations relate to "*the* strike" or, as in the quoted prayer, "the *present* strike." (Emphasis supplied.) We find no allegation that plaintiffs seek relief against future strikes, even if they had alleged sufficient facts to give them standing to do so. *See Kay v. David Douglas Sch. Dist. No. 40, supra.*

Appeal dismissed as moot.