Argued and submitted May 17, appeal dismissed November 22, 1989

## BREEN et al,
*Appellants,*

*v.*

## OREGON TRANSPORTATION COMMISSION,
*Respondent.*

(88C 10070; CA A49551)

782 P2d 952

Michael E. Swaim, Salem, argued the cause for appellants. With him on the briefs was Swaim & Betterton, P.C., Salem.

John A. Reuling, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

In this action challenging the selection process for the design of Oregon's graphic license plates, plaintiffs appeal from a judgment entered on defendant Oregon Transportation Commission's motion for summary judgment. We dismiss the appeal as moot.

The 1987 legislature created a design contest for new vehicle license plates. ORS 803.510. The Commission conducted the contest and, in January, 1988, selected a winner. Plaintiffs, whose entries were not selected, filed an action in circuit court challenging the selection process. They alleged that it was improper, because not all of the entries were considered and the winning design violated the statutory criteria. Plaintiffs sought a judgment that would invalidate the Commission's selection and require it to consider all of the entries. However, plaintiffs did not seek a recall and replacement of license plates already issued.

The Commission moved for summary judgment, arguing that plaintiffs' complaint was not timely filed under the Administrative Procedures Act, ORS ch 183. The trial court granted the motion, and plaintiffs appealed. The Commission moved to dismiss the appeal, arguing that the case has become moot by the enactment of legislation altering the color scheme of the graphic plate design.

The pertinent legislation is Oregon Laws 1989, chapter 742, section 4, which provides:

> "Registration plates chosen by the commission pursuant to section 1, chapter 572, Oregon Laws 1987, shall have the colors chosen by the commission except that the sky shall be blue."

That legislation ratified and modified the license plate design selected by the Commission. It does not require the Commission to conduct a new contest to implement the design that the legislature has chosen. Therefore, because plaintiffs only contest the issuance of plates in the future, a challenge to the procedures used in the original selection process is moot. *See Mid-County Future Alternatives v. City of Portland,* 95 Or App 556, 559, 770 P2d 604, *rev allowed* 308 Or 315 (1989).

Appeal dismissed.