Argued and submitted February 7, affirmed December 16, 1992

WESTERN RADIO SERVICES, INC.,
an Oregon corporation,
*Appellant,*

*v.*

CITY OF BURNS,
a political subdivision of the
State of Oregon,
*Respondent.*

(90-06-9822 E; CA A68772)

843 P2d 988

Brian J. MacRitchie, Bend, argued the cause for appellant. With him on the brief was Merrill, O'Sullivan, MacRitchie & Petersen, Bend.

Stephen D. Finlayson, Burns, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

**DURHAM, J.**

Plaintiff appeals from a summary judgment for defendant. The principal issue is whether the trial court had authority to grant a summary judgment on an issue raised in the pleadings but not raised in the motion for summary judgment. We affirm.

The City of Burns sought bids on an emergency telephone system. Plaintiff submitted a bid, but the city chose a competitor's bid. Plaintiff brought an action under *former* ORS 279.067[1] for injunctive relief and money damages for lost profits. The court granted a temporary restraining order enjoining the execution of the contract but withdrew it after a preliminary injunction hearing and entered an order on July 19, 1990, that said, in relevant part:

> "IT IS FURTHER ORDERED that Plaintiff's Application for Preliminary Injunction or for any final relief requested herein should be and the same is hereby denied. If Plaintiff desires to file an Amended Complaint seeking recovery on some other form of relief or theory this Court will allow such Amended Complaint to be filed in this case without requiring an additional filing fee, if such filing occurs on or before July 30th, 1990."

Plaintiff filed an amended complaint that sought only money damages for lost profits. Defendant moved for summary judgment, contending that plaintiff's bid did not meet the specifications. At the trial court's invitation, the parties also orally argued about whether the court was

---

[1] *Former* ORS 279.067 provided:

"Any bidder adversely affected may commence a suit in the circuit court for the county in which are located the principal offices of the local contract review board or the local government agency, for the purpose of requiring compliance with, or prevention of violations of, ORS 279.111 to 279.063, or to determine the applicability of ORS 279.011 to 279.063 to matters or decisions of the board or agency. *The court may order such equitable relief as it considers appropriate in the circumstances.* A decision of the local contract review board or the local government agency shall not be voided if other equitable relief is available. The court may order payment of reasonable attorney fees and costs to a successful party in a suit brought under this section." (Emphasis supplied.)

Effective August 6, 1990, the legislature amended ORS 279.067. Or Laws 1990 (Special Session), ch 6, § 2. The amendments apply to suits arising out of violations occurring on or after August 6, 1990, and have no application to this case.

authorized to award money damages for lost profits as "equitable relief" under *former* ORS 279.067.[2] The trial court ruled that lost profits could not be recovered under the statute and dismissed the complaint.

Plaintiff assigns error to the order granting summary judgment. It argues that the issue whether lost profits were recoverable under the statute was not raised by defendant in its motion or reply and was not briefed by the parties. Defendant responds that the issue was pleaded in the answer and, at the court's request, argued by the parties. We agree with defendant that the issue was a pure question of law that was adequately raised in the pleadings. ORCP 47C. When the court raised the issue, plaintiff's counsel argued it and never asked for an opportunity to brief it. The trial court committed no error in reaching the issue.[3]

Plaintiff also assigns error to the court's order denying a permanent injunction after the preliminary injunction hearing. The issue of plaintiff's right to an injunction preventing execution of a contract is moot because the contract has been awarded. *See Kay v. David Douglas Sch. Dist. No. 40,* 303 Or 574, 738 P2d 1389 (1987), *cert den* 484 US 1032 (1988).

Affirmed.

---

[2] The trial court inquired whether its statutory authority to award "equitable relief" was limited to remedies other than money damages or whether damages could be awarded because, once a court of equity acquires jurisdiction, it can award complete relief, including money damages. *See Rexnord Inc. v. Ferris,* 294 Or 392, 402 n 4, 657 P2d 673 (1983); *Oshatz v. Goltz,* 55 Or App 173, 178, 637 P2d 628 (1981); *Papadopoulos v. Bd. of Higher Ed.,* 14 Or App 130, 178 n 12, 511 P2d 854 (1973), *cert den* 417 US 919 (1974).

[3] Plaintiff does not argue that the trial court's interpretation of the statute was incorrect. For that reason, we do not address that question.