Submitted on remand from the Oregon Supreme Court August 8, 1995, trial court
judgment affirmed March 6, 1996

Carol BARCIK,
as guardian ad litem for Scott Barcik, a minor;
William Jansen,
as guardian ad litem for Tom Jansen, a minor;
Joe Kasten and Sheilah Kasten,
as guardians ad litem for Shannon Kasten, a minor;
Barry Edwards and Mona Edwards,
as guardians ad litem for Marce Edwards, a minor;
Cordis Lowery and Sharon Lowery,
as guardians ad litem for Matt Lowery, a minor;
David Frost; Josh Olson;
and Chuck Kostur and Dianne Kostur,
as guardians ad litem for Kay Kostur, a minor,
*Appellants,*

*v.*

Mark KUBIACZYK;
Al Davidian; Russ Joke; Pat Biggs;
Jack Clinton; Mike Nelson; Richard Carlson; Gary
Cumpston; and the Tigard-Tualatin School District 23 J,
*Respondents.*

(C920085CV; CA A77165)

912 P2d 408

Jonathan M. Hoffman, Michael G. Harting and Martin, Bischoff, Templeton, Langslet & Hoffman for appellants.

Duane A. Bosworth, Gustavo J. Cruz, Jr. and Davis, Wright Tremaine for respondents.

Before Landau, Presiding Judge, and Leeson, Judge, and Rossman, Senior Judge.

ROSSMAN, S. J.

**ROSSMAN, S. J.**

This is the latest installment in a case involving a dispute between students and the Tigard-Tualatin School District regarding the constitutionality of regulations that affect student publications at Tigard High School. On remand from the Supreme Court, we affirm the trial court judgment as to the students' two justiciable claims.

Although a restatement of the facts is unnecessary for resolution of the legal issues that are now before us,[1] a synopsis of the procedural history of this case is in order.

## I. PROCEDURAL BACKGROUND IN THE TRIAL COURT

The student plaintiffs sought a declaration in the trial court that school officials' exercise of prepublication review and their imposition of sanctions against plaintiff Barcik had violated the students' free speech rights under the state and federal constitutions and had also violated certain state statutes and a federal statute (42 USC § 1983). Those claims, hereinafter referred to as plaintiffs' claims for *retrospective* relief, were partially successful.

Although the trial court dismissed the claims that were based on state statutes and Article I, section 8, of the Oregon Constitution, it ruled in favor of plaintiffs on the claims that were based on section 1983 and the First Amendment to the United States Constitution. It awarded no damages but ordered that Barcik's disciplinary record be expunged. In sum, plaintiffs prevailed on their claims for retrospective relief, on federal grounds.

Plaintiffs' action for declaratory judgment also contained claims for *prospective* relief. Those claims, which were based on both the state and federal constitutions, sought to enjoin the school district from applying regulations in the future that were adopted after the incidents of censorship and punishment had occurred. The trial court struck a provision of the new regulations that related to prepublication review of nonschool-sponsored publications, but it upheld the

---

[1] The facts of this case are presented in detail in our previous opinion, 127 Or App 273, 873 P2d 456 (1994) and in the Supreme Court's opinion, 321 Or 174, 895 P2d 765 (1995).

remaining regulations as not violating the federal constitution.

## II. PROCEDURAL BACKGROUND IN THE COURT OF APPEALS

Plaintiffs appealed to this court, assigning error only to the ruling that disposed of their claims for *prospective* relief (*i.e.*, the trial court's decision to uphold the majority of the school district's new regulations), arguing that a different result was warranted under the *state* constitution. On appeal, they sought a declaration that the school district's regulations regarding official and unofficial student publications violate Article I, section 8, of the Oregon Constitution and an order enjoining defendants from enforcing those regulations.[2]

Central to our opinion, which dismissed all of plaintiffs' claims as moot, was the conclusion that because the senior students had graduated, no justiciable controversy remained for either us or the trial court to decide. 127 Or App at 277. We reached that conclusion on the basis of *Kay v. David Douglas Sch. Dist. No. 40*, 303 Or 574, 738 P2d 1389 (1987), *cert den* 484 US 1032 (1988), in which the Supreme Court examined the question of whether a formal prayer could be given at a graduation ceremony and held that, because the students in that case had graduated, there was "no justiciable controversy" and thus no basis for a court to undertake review of the issue presented. *Id.* at 576. Relying on that opinion, we held that the issues presented by the students in the present case were likewise moot. *Barcik*, 127 Or App at 282.

## III. REVIEW BY THE SUPREME COURT

On review, the Supreme Court affirmed our opinion in part and reversed it in part. It agreed with us that the senior students' *prospective* claims (*i.e.*, their legal challenge to the district's future application of its new regulations) were moot, because the students had graduated and had alleged no facts that would entitle them "to relief from future

---

[2] The school district cross-appealed, challenging the trial court's holding that plaintiffs were the prevailing parties. However, the district has since withdrawn that matter from our consideration.

practices" of the school district. 321 Or at 187. However, it held that we had erred in applying state law to determine the justiciability of plaintiffs' *retrospective* federal claim under section 1983. Citing *Rogers v. Saylor*, 306 Or 267, 760 P2d 232 (1988), the Supreme Court held that, because state and federal courts have concurrent subject matter jurisdiction over section 1983 claims, "an Oregon court cannot apply state standards of mootness and justiciability to a section 1983 claim brought in state court if application of those standards would preclude a plaintiff's federal claim, but application of federal standards would not." 321 Or at 185. In short, mootness cannot be the basis for dismissing plaintiffs' section 1983 claim in state court, because a mootness challenge would fail under federal law.

After applying Oregon's law on justiciability to plaintiffs' state law claims, the Supreme Court concluded that a justiciable controversy exists only as to *Barcik's* "state law claims for retrospective relief." 321 Or at 201. Applying federal law to the senior students' "federal claims for retrospective relief," it found that those claims, too, present a justiciable controversy. *Id.* Accordingly, it remanded the case for us to consider the merits of those two retrospective claims for relief.

Given the specific claims that were brought by plaintiffs, the Supreme Court's instructions require that we consider (1) whether Barcik's disciplinary record should be expunged on the ground that the imposition of that discipline violated Article I, section 8, of the Oregon Constitution; and (2) whether the censorship to which the senior plaintiffs were subjected violated their rights under the First Amendment to the United States Constitution.

A. *Barcik's state law claim for retrospective relief*

■ As the Supreme Court noted in its opinion, the trial court awarded Barcik *retrospective* relief under *federal* law when it ordered defendants to expunge Barcik's disciplinary record. 321 Or at 199. *Neither party appealed that ruling.* Furthermore, Barcik did not argue on appeal that he was also entitled to win his claim for retrospective relief under *state* law. As noted above, the only issue on appeal related to the students' *prospective* claims regarding the school district's future implementation of its regulations. Although

numerous claims were made, argued and decided at the trial court level, the only question that the parties asked us to resolve was whether the school district's newly adopted regulations for official and unofficial student publications violated Article I, section 8, of the Oregon Constitution. Although the Supreme Court has determined that a justiciable controversy exists as to Barcik's "state law claims for retrospective relief," 321 Or at 201, that claim was dismissed by the trial court, Barcik was awarded the relief he sought under federal law instead, the disciplinary record was ordered expunged and none of those rulings was challenged by either side on appeal. Thus, no controversy as to the disciplinary record is before us, and we need only affirm the trial court's judgment on that claim.

## B. *Senior plaintiffs' federal claim for retrospective relief*

■ The Supreme Court also has instructed us to consider the merits of the senior students' retrospective *federal* claim, which requires that we decide whether the censorship to which the students were subjected violated their rights under the federal constitution. Again, that claim was resolved by the trial court in plaintiffs' favor, and it was not raised on appeal. Accordingly, the only resolution available to us is to affirm the judgment of the trial court on that claim.

Trial court judgment affirmed as to Barcik's state claim for retrospective relief and the senior students' federal claims for retrospective relief.