Argued and submitted October 24, 2008, reversed and remanded March 4, 2009

## LEUPOLD & STEVENS, INC.,
an Oregon corporation,
*Plaintiff-Appellant,*

*v.*

## CITY OF BEAVERTON,
an Oregon municipal corporation,
*Defendant-Respondent.*

Washington County Circuit Court
C072575CV; A138294

203 P3d 309

Charles F. Hinkle argued the cause for appellant. With him on the briefs were Andrew R. Gardner, and Stoel Rives LLP.

William J. Scheiderich argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

Leupold & Stevens, Inc. (Leupold), appeals the trial court's judgment dismissing its action for declaratory judgment and injunctive relief against the City of Beaverton (the city) for lack of subject matter jurisdiction. Leupold contends that the trial court erred in concluding that the issue in this case concerns a land use decision over which the Land Use Board of Appeals (LUBA) has exclusive jurisdiction. We conclude that the circuit court had jurisdiction over the case. Accordingly, we reverse and remand this case to the circuit court.

This action for declaratory judgment is one of three pending matters in this court, and each matter relates to the city's 2005 annexation of Leupold's property. We discuss the facts in some detail to place this matter in context.

In 2005, the city, without Leupold's consent, adopted Ordinance 4350 annexing Leupold's property. That property consists of four lots zoned for industrial use and one lot zoned for residential use. The ordinance, which was passed by the city council on May 2, 2005, went into effect on June 30, 2006. Leupold sought review of the city's decision, initially in the circuit court and, eventually, before LUBA. Leupold argued that, pursuant to Oregon Laws 1987, chapter 737, section 3, which is compiled as a note before ORS 222.111, the city lacked authority to annex the property.

After the annexation was complete and shortly after the appeal was brought before LUBA, the legislature enacted what is now Oregon Laws 2005, chapter 844 (SB 887), which is also compiled as a note before ORS 222.111. That law restricts the city's ability to annex certain industrial properties without the consent of the property owner. At oral argument before LUBA, Leupold contended, among other things, that LUBA should find that SB 887 precluded the annexation of its property. Because it could not conclude that SB 887 applied without finding predicate facts not present in the record before it, LUBA declined to address the issue. LUBA also concluded that section 3 of the 1987 statute did not apply to bar the city from annexing Leupold's property. Thus, it affirmed the annexation. 51 Or LUBA 65 (2006).

Leupold sought review of that decision in this court. While that proceeding was pending, Leupold sent a letter to the city demanding that it rescind the annexation ordinance in light of SB 887 and seeking a hearing on that issue. The city, noting that judicial review was pending, refused to take any action in response to the demand. This court subsequently affirmed LUBA's decision upholding the annexation ordinance. *Leupold & Stevens, Inc. v. City of Beaverton*, 206 Or App 368, 138 P3d 23, *rev den*, 341 Or 579 (2006). In so doing, this court, like LUBA, declined to consider the applicability of SB 887 in light of the lack of a proper evidentiary record and held that Oregon Laws 1987, chapter 737, section 3, was inapplicable. *Id.* at 375.

In 2007, after this court affirmed LUBA's decision, Leupold filed this action for declaratory and injunctive relief. The amended complaint alleged facts pertaining to the 2005 adoption of Ordinance 4350, the LUBA review proceedings, the enactment of SB 887, and our decision affirming the LUBA opinion and order on the annexation ordinance. The complaint also alleged a demand to the city by Leupold to rescind Ordinance 4350 and a refusal by the city of that demand. The complaint sought a declaration that "Ordinance 4350 is void, that the City may not enforce Ordinance 4350 on or after July 1, 2006, and that the City may not forcibly annex the four tax lots * * * prior to June 30, 2040." The circuit court dismissed the case for lack of subject matter jurisdiction, concluding that a "decision as to whether section 6 of Oregon Laws 2005, chapter 844, nullified defendant's annexation of plaintiff's property is a land use decision, and that the court lacks subject matter jurisdiction to make that decision." In other words, the court held that, in considering the issues raised by the case, it would be making a land use decision.

A circuit court lacks jurisdiction to exercise LUBA's review authority over a final land use decision or limited land use decision. *See* ORS 197.825. On appeal, Leupold asserts that the trial court incorrectly determined that this case involved a land use decision and that it was, therefore, without jurisdiction. Leupold emphasizes that the question presented to the circuit court was whether Ordinance 4350 is

valid in light of SB 887, section 6. For the reasons that follow, we agree with Leupold.

■ Pursuant to ORS 28.010, courts have the "power to declare rights, status and other legal relations[.]" Even in cases relating to land use, circuit courts of this state retain jurisdiction to grant declaratory and injunctive relief as well as mandamus relief in appropriate circumstances. ORS 197.825(3) recognizes that

> "circuit courts of this state retain jurisdiction:
>
> "(a) To grant declaratory, injunctive or mandatory relief in proceedings arising from decisions described in ORS 197.015(10)(b) or proceedings brought to enforce the provisions of an adopted comprehensive plan or land use regulations; and
>
> "(b) To enforce orders of the board in appropriate proceedings brought by the board or a party to the board proceeding resulting in the order."

LUBA's jurisdiction over land use decisions does not negate a court's ability to determine the meaning of statutes or ordinances and to declare the rights and duties of parties thereunder. *See, e.g., Clark v. City of Albany*, 142 Or App 207, 212-13, 921 P2d 406 (1996) (declaratory judgment action relating to annexation presented a justiciable controversy); *Mid-County Future Alternatives Committee v. City of Portland*, 95 Or App 556, 770 P2d 604 (1989), *aff'd*, 310 Or 152, 795 P2d 541, *cert den*, 498 US 999 (1990) (evaluating constitutionality of annexation statute in declaratory judgment action); *see also* ORS 215.429 (providing for mandamus action where local government does not take action on application for permit, limited land use decision, or zoning change within applicable time period); ORS 227.179 (same).

■ ORS 197.825 provides that LUBA has "exclusive jurisdiction to review any land use decision or limited land use decision of a local government, special district or a state agency in the manner provided in ORS 197.830 to 197.845." The term "land use decision" is defined in ORS 197.015(10).[1]

---

[1] ORS 197.015(10)(a) provides that a "land use decision" includes:

"(A) A final decision or determination made by a local government or special district that concerns the adoption, amendment or application of:

A local government body's decision to annex particular property is a land use decision. *Cogan v. City of Beaverton*, 226 Or App 381, 203 P3d 303 (2009); *Cape v. City of Beaverton*, 187 Or App 463, 470-71, 68 P3d 261 (2003); *see also Bear Creek Valley Sanitary v. City of Medford*, 130 Or App 24, 28, 880 P2d 486, *rev den*, 320 Or 493 (1994) (local government annexation decision is an act of planning that must comply with land use laws). The amended complaint for declaratory relief did not seek circuit court review of the city's adoption of Ordinance 4350. That review had already occurred in the earlier LUBA proceedings and appellate court review. Instead, Leupold sought a declaration on whether the completed annexation continued to be valid in light of the subsequent adoption of SB 887. That requested relief concerned a declaration of rights under SB 887, not a review of whether the city was correct when it adopted Ordinance 4350 in 2005.

The amended complaint does allege that the city made a decision about the application of SB 887 to the completed annexation. According to the complaint, Leupold submitted a letter to the city after the annexation was complete and SB 887 was enacted. In that letter, Leupold demanded that the city apply SB 887 and rescind the annexation of its property. In response, the city declined to make any decision as to the applicability of the new law, merely indicating that, as the annexation itself was being reviewed on appeal, it would take no action. *See also Hillyer's Mid-City Ford, Inc. v. City of Woodburn*, 156 Or App 400, 965 P2d 474 (1998).

Assuming, without deciding, that the city's action to not grant Leupold's demand was a "decision" under ORS 197.015(10)(a), that decision was not a "land use decision"

---

"(i)    The goals;

"(ii)   A comprehensive plan provision;

"(iii)  A land use regulation; or

"(iv)   A new land use regulation;

"(B)   A final decision or determination of a state agency other than the commission with respect to which the agency is required to apply the goals; or

"(C)   A decision of a county planning commission made under ORS 433.763[.]"

A "land use regulation" is "any local government zoning ordinance, land division ordinance adopted under ORS 92.044 or 92.046 or similar general ordinance establishing standards for implementing a comprehensive plan." ORS 197.015(11).

under the statute, and was not within the exclusive review jurisdiction of LUBA under ORS 197.825. A determination by a local government relating only to the applicability of SB 887 would not, on its own, be a land use decision. *See Heritage Enterprises v. City of Corvallis*, 300 Or 168, 708 P2d 601 (1985) (political decision on annexation made separately from portion of annexation decision applying goals and other land use criteria not a land use decision); *see also Cape*, 187 Or App at 470 n 3 (noting LUBA's discussion that decisions addressing standards not related to land use could be made separately following decision applying land use criteria). By its terms, SB 887, section 6, simply precludes the city from annexing property that meets the criteria listed therein.[2] It does not, itself, involve application of land use planning goals or any comprehensive plan provision. Accordingly, a decision that did nothing more than determine the applicability of the 2005 law would not meet the statutory definition of a "land use decision." *See also Bear Creek Valley Sanitary*, 130 Or App at 28-29 (observing that acts following a decision to annex, such as "a popular vote under the ORS chapter 222 procedures, are not controlled by or subject to the land use laws").

In light of the foregoing, we conclude that the circuit court erred in determining that it had no subject matter jurisdiction over Leupold's action for declaratory and injunctive relief regarding the application of SB 887.

Reversed and remanded.

---

[2] SB 887, section 6, provides:

"An area of land within the urban growth boundary of the metropolitan service district established in the Portland metropolitan area may not be annexed under ORS 222.750 if:

"(1) The area of land is larger than seven acres and is zoned for industrial use;

"(2) The land is owned by an Oregon-based business entity that has been in continuous operation, either directly or through a predecessor, for at least 60 years; and

"(3) The business employs more than 500 individuals on the land."