Argued and submitted September 14, 2010, vacated in part and remanded with instructions to enter judgment declaring parties' rights as to the fourth through eighth claims in the first amended complaint in a manner consistent with this opinion; otherwise affirmed February 2, 2011

Gerald L. CURRY
and Roberta G. Curry,
husband and wife,
*Plaintiffs-Appellants,*

*v.*

CLACKAMAS COUNTY,
a political subdivision of the State of Oregon;
Department of Land Conservation and Development,
an agency of the State of Oregon;
Land Conservation and Development Commission,
an agency of the State of Oregon;
Department of Environmental Quality,
an agency of the State of Oregon;
Department of Forestry,
an agency of the State of Oregon;
Department of Administrative Services,
an agency of the State of Oregon,
*Defendants-Respondents.*

Clackamas County Circuit CourtCV06100319; A139251

248 P3d 1

Kristian Roggendorf argued the cause for appellants. With him on the brief was O'Donnell Clark & Crew LLP; with him on the amended reply brief were Stephen F. Crew and O'Donnell Clark & Crew LLP.

Stephanie L. Striffler, Senior Assistant Attorney General, argued the cause for State of Oregon respondents. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Steven R. Lounsbury, Clackamas County Counsel, joined the State of Oregon respondents' brief on behalf of respondent Clackamas County.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Landau, Judge pro tempore.

SERCOMBE, J.

**SERCOMBE, J.**

Plaintiffs, who filed suit seeking compensation under Measure 37, appeal the subsequent dismissal of that suit following the enactment of Measure 49. On appeal, they advance three general arguments: (1) that Measure 49 does not operate retroactively so as to apply to their "cause of action" under Measure 37; (2) if Measure 49 is retroactive, its application to plaintiffs' suit violates various provisions of the state and federal constitutions, including Article I, sections 18 and 20, of the Oregon Constitution and the First, Fifth, and Fourteenth Amendments to the United States Constitution; and (3) the placement of Measure 49 on the ballot violated various provisions of the Oregon Constitution.

We reject the last of those arguments without discussion. In addition, we have already considered and rejected arguments substantially similar to plaintiffs' remaining arguments in other cases. *See, e.g., Luethe v. Multnomah County*, 240 Or App 263, 269-73, 246 P3d 487 (2010) (concluding that the retroactive application of Measure 49 to the plaintiffs' Measure 37 cause of action for "just compensation" did not violate modern principles of substantive due process under the Fourteenth Amendment or the Takings Clause of the Fifth Amendment); *Bleeg v. Metro*, 229 Or App 210, 217-18, 211 P3d 302 (2009), *rev den*, 349 Or 56 (2010) (determining that, because the plaintiffs' Measure 37 claims for just compensation were ongoing at the time Measure 49 became effective, Measure 49 superseded those claims, deprived the trial court's judgments of continuing viability, and rendered the plaintiffs' cases nonjusticiable). We write only to address the contentions raised by plaintiffs that were not considered in prior cases and, ultimately, reject those contentions as well.[1]

Plaintiffs own approximately 116 acres of property in Clackamas County, which they purchased between 1960 and 1972. Prior to the enactment of Measure 49, and pursuant to Measure 37, *former* ORS 197.352 (2005), *amended by*

---

[1] State defendants cross-assign error to an intermediate ruling by the trial court that denied their earlier motion to dismiss under the Administrative Procedures Act. Given our disposition of plaintiffs' assignments of error, we do not reach that cross-assignment of error.

Or Laws 2007, ch 424, § 4, *renumbered as* ORS 195.305 (2007), plaintiffs obtained state and county waivers of certain land use regulations that were otherwise applicable to their property.[2] Plaintiffs, however, alleged that those waivers did not avoid all of the land use regulations that reduced the value of their property, and, therefore, pursuant to section 6 of Measure 37, *former* ORS 197.352(6) (2005), they filed suit against defendants seeking monetary compensation;[3] plaintiffs also sought a declaration that their Measure 37 waivers would be transferable to a subsequent owner. Defendants moved for summary judgment, but, while those motions were pending, Measure 49 was adopted by the voters in a special election held on November 6, 2007; the new law became effective on December 6, 2007.

Thereafter, defendants filed motions to dismiss plaintiffs' complaint under ORCP 21 on the grounds that, as a result of Measure 49, plaintiffs' Measure 37 claims were moot and did not state claims on which relief could be granted.[4] In response, plaintiffs argued, among other things, that (1) Measure 49 did not retroactively apply to a claim for compensatory relief brought under Measure 37; (2) plaintiffs had a "vested right" under Measure 37 that was protected by Article I, sections 18 and 20, and the First, Fifth, and Fourteenth Amendments; and (3) the placement of Measure 49 on the ballot violated various other provisions of the Oregon Constitution. In addition, plaintiffs moved to amend

---

[2] Measure 37 provided that "public entities that enacted or enforced land use regulations that adversely affected the fair market value of a claimant's property either had to pay just compensation or waive the offending regulations." *English v. Multnomah County*, 230 Or App 125, 127 n 1, 213 P3d 1265 (2009), *rev dismissed*, 348 Or 670 (2010).

[3] *Former* ORS 197.352(6) provided:

"If a land use regulation continues to apply to the subject property more than 180 days after the present owner of the property has made written demand for compensation under this section, the present owner of the property, or any interest therein, shall have a cause of action for compensation under this section in the circuit court in which the real property is located, and the present owner of the real property shall be entitled to reasonable attorney fees, expenses, costs, and other disbursements reasonably incurred to collect the compensation."

[4] ORCP 21 A(1) provides for dismissal of a claim on the ground that there is a "lack of jurisdiction over the subject matter"; ORCP 21 A(8) provides for dismissal of a claim on the ground that there is a "failure to state ultimate facts sufficient to constitute a claim."

their complaint to add several declaratory judgment claims related to the applicability and constitutionality of Measure 49—claims that were identical in substance to plaintiffs' arguments in response to the motions to dismiss. The trial court granted plaintiffs' motion to file the first amended complaint as well as defendants' written and oral motions to dismiss the original and first amended complaints. Plaintiffs now appeal from the resulting judgments entered in defendants' favor.[5]

We note that declaratory judgment claims, such as the fourth through eighth claims in plaintiffs' first amended complaint that were related to the applicability and constitutionality of Measure 49, are not the proper subject of a motion to dismiss, except for want of a justiciable controversy. On appeal, the state, which raised that issue below, recognizes "that technically the trial court should not have dismissed [those claims]." We agree that dismissal was the wrong procedural vehicle by which to dispose of those claims. "When the dismissal of a declaratory judgment action was clearly based on a determination of the merits of the claim, however, our practice has been to review that determination as a matter of law and then remand for the issuance of a judgment that declares the rights of the parties in accordance with our review of the merits." *Doe v. Medford School Dist. 549C*, 232 Or App 38, 45-46, 221 P3d 787 (2009); *see also Rood v. Coos County*, 240 Or App 68, 72 n 3, 246 P3d 69 (2010); *Norwood v. Washington County*, 239 Or App 542, 544 n 1, 245 P3d 659 (2010). Here again, we follow that practice.

As noted above, we write to address only those aspects of plaintiffs' arguments on appeal that we have not considered in prior cases. Plaintiffs argue that they have a property right because of their actions to take advantage of Measure 37 and that that property right is protected by Article I, section 18, of the Oregon Constitution and the

---

[5] A general judgment was entered dismissing with prejudice each of plaintiffs' claims for relief in the original and first amended complaints. Two supplemental judgments were entered thereafter, the first awarding costs and disbursements to defendant Clackamas County and the second awarding costs and disbursements to the remaining state defendants.

Fifth and Fourteenth Amendments to the United States Constitution from being taken without payment of compensation.[6] We understand plaintiffs to contend that the particular property interest alleged to have been taken or extinguished by operation of Measure 49 is either their filed Measure 37 cause of action, their Measure 37 waivers, or vested rights to develop their property in light of their efforts to obtain compensation under Measure 37. However the property interest is defined, plaintiffs contend that the loss of that property interest by operation of Measure 49 entitles them to compensation.

■      We have already rejected the substance of plaintiff's contention that retroactive application of Measure 49 to moot their Measure 37 compensation lawsuit deprives them of a "vested right" in their cause of action in violation of the Fifth and Fourteenth Amendments. *See Luethe*, 240 Or App at 269-73 (concluding that the retroactive application of Measure 49 to the plaintiffs' Measure 37 cause of action for "just compensation" did not violate modern principles of substantive due process under the Fourteenth Amendment or the Takings Clause of the Fifth Amendment); *Bruner v. Josephine County*, 240 Or App 276, 283, 246 P3d 46 (2010) (explaining that, because of uses allowed by the applicable zoning and uses allowed under Measure 49, the plaintiffs' complaint could not, and did not, plead that they had been "deprived of all economically viable uses of their property sufficient to create a *per se* taking under the Fifth Amendment"). We now also reject that argument to the extent that plaintiffs have invoked Article I, section 18. *See Coast Range Conifers v. Board of Forestry*, 339 Or 136, 151, 117 P3d 990 (2005) (holding that, "[b]ecause plaintiff's property has an economically viable use, the challenged regulation does not effect a taking under Article I, section 18, of the Oregon Constitution").

---

[6] Article I, section 18, provides that "[p]rivate property shall not be taken for public use * * * without just compensation * * *." The Fifth Amendment provides that "[n]o person shall be * * * deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." The Fourteenth Amendment similarly provides that "[n]o State shall * * * deprive any person of life, liberty, or property, without due process of law."

Plaintiffs next contend that they have a constitutionally protected vested right in the Measure 37 waivers themselves, because those waivers are equivalent to final judgments. That contention is unavailing because the waivers are not the equivalent of judgments. The waivers do not create an enforceable right against a private or public entity. Rather, they are simply zoning permits, an application of zoning law in effect when the waivers were issued that could be changed by subsequent law. The "private property" protected from uncompensated taking under Article I, section 18, and the Fifth Amendment must be "something more than a mere expectation based upon the anticipated continuance of existing laws; [a vested right] must have become a title legal or equitable to the present or future enjoyment of property." *DeMendoza v. Huffman*, 334 Or 425, 449, 51 P3d 1232 (2002) (citation and internal quotation marks omitted). *Cf. Bruner*, 240 Or App at 282 n 7 (explaining that "[t]he legal effect of Measure 49 on the Measure 37 waiver, a zoning permit to develop the property, is not assessed under regulatory takings principles"; rather, "[w]hether zoning permissions have ripened to a degree sufficient to immunize the use from regulatory controls is tested by the 'common law vested right' doctrine referenced in section 5(3) of Measure 49").

Nor are we persuaded by plaintiffs' apparent alternative argument—that they have a constitutionally protected vested right to develop their property because of their efforts to obtain relief under Measure 37. As we discussed in *Friends of Yamhill County v. Board of Commissioners*, 237 Or App 149, 160-61, 238 P3d 1016 (2010), the Oregon Supreme Court in *Clackamas Co. v. Holmes*, 265 Or 193, 196-97, 508 P2d 190 (1973), articulated and applied specific guidelines to determine whether rights vest to complete and continue an improved property use. The court in *Holmes* observed that, "in order for a landowner to have acquired a vested right to proceed with the construction, the commencement of the construction must have been substantial, or substantial costs toward completion of the job must have been incurred." 265 Or at 197. "Completion of the job" in *Holmes* refers to physical development of the property.

Assuming, without deciding, that litigation expenditures related to property development could contribute to a

vesting determination under *Holmes,* none of the expenditures made by plaintiffs in pursuing their lawsuit—including plaintiffs' filing fees, attorney fees, and consulting fees—were made in furtherance of the physical development of plaintiffs' property. Instead, those expenditures were made to further litigation for monetary relief. Plaintiffs point to no allegation that they have engaged in any activities on their land related to its development under the waivers. Plaintiffs' contention that they have a vested right to develop their property under their Measure 37 waivers is untenable.

■     Plaintiffs, however, also assert that, if Measure 49 "strips" plaintiffs' right to relief under Measure 37, then Measure 49 violates plaintiffs' right to equal privileges under Article I, section 20, and equal protection under the Fourteenth Amendment because "Plaintiffs, who hold an inadequate waiver, were wholly unable to protect and preserve their rights in the way that those with adequate waivers could do."[7] Plaintiffs do not argue that they belong to a class distinct from one created by Measure 49, nor do they argue that the classification created by Measure 49 fails to rationally further a legitimate government interest. *See MacPherson v. DAS,* 340 Or 117, 130, 130 P3d 308 (2006) (explaining that the court "consistently has rejected challenges to statutes under Article I, section 20, when the statutes themselves have created the alleged classes"); *Nordlinger v. Hahn,* 505 US 1, 10, 112 S Ct 2326, 120 L Ed 2d 1 (1992) (explaining that "unless a classification warrants some form of heightened review because it jeopardizes exercise of a fundamental right or categorizes on the basis of an inherently suspect characteristic, the Equal Protection Clause requires only that the classification rationally further a legitimate state interest"). We therefore reject plaintiffs' equal privileges and equal protection contentions without further discussion.

■     Finally, citing the First Amendment and the unconstitutional conditions doctrine, plaintiffs contend that "[i]t is

_____

[7] Article I, section 20, provides that "[n]o law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens." The Fourteenth Amendment provides that "[n]o State shall * * * deny to any person within its jurisdiction the equal protection of the laws."

unconstitutional to condition Plaintiffs' ability to vest rights under [Measure 37] on forgoing litigation of their entitlement to just compensation." Defendants respond that "[t]he basis for plaintiffs' First Amendment retaliation claim is obscure at best." We agree. Under Measure 37, it is the governmental entity that chooses the manner of compensation for a loss of value because of a post-acquisition downzoning—either waiver of the offending land use regulations or liability for the loss of value caused by the downzoning. That choice did not force plaintiffs to forgo any constitutional right, much less anything of value, in order to obtain a benefit. Plaintiffs' ability to vest their right to develop their property consistently with their Measure 37 waivers was not conditioned on giving up any constitutional right, nor did defendants act to prevent plaintiffs from pursuing such development. *See Dolan v. City of Tigard*, 512 US 374, 385, 114 S Ct 2309, 129 L Ed 2d 304 (1994) (holding that, under the doctrine of unconstitutional conditions, "the government may not require a person to give up a constitutional right * * * in exchange for a discretionary benefit conferred by the government"). Again, we are not persuaded by plaintiffs' arguments and, accordingly, reject them.

Vacated in part and remanded with instructions to enter judgment declaring parties' rights as to the fourth through eighth claims in the first amended complaint in a manner consistent with this opinion; otherwise affirmed.