Argued and submitted March 22, affirmed May 25, 2016

FRIENDS OF YAMHILL COUNTY,
an Oregon non-profit corporation; and
Carr Biggerstaff and Jeanne Biggerstaff,
individually,
*Plaintiffs-Appellants,*

*v.*

BOARD OF COUNTY COMMISSIONERS
OF YAMHILL COUNTY,
an Oregon municipal corporation; and
Ralph E. Johnson and Norma J. Johnson,
individually,
*Defendants-Respondents.*

Yamhill County Circuit Court
14CV10124; A158505

377 P3d 670

Ralph O. Bloemers argued the cause for appellants. With him on the briefs was Maura Fahey.

Timothy S. Sadlo and Gregory S. Hathaway argued the cause for respondents. With them on the joint brief was Hathaway Koback Connors LLP.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

## SERCOMBE, P. J.

Plaintiffs Friends of Yamhill County (Friends) and Carr and Jeanne Biggerstaff (Biggerstaffs) appeal a judgment that dismissed their complaint, which sought declaratory and injunctive relief against defendants Board of County Commissioners of Yamhill County (county) and Ralph and Norma Johnson (Johnsons). Plaintiffs asked for declaratory relief to correct a county determination that the Johnsons had vested rights to develop their property under Ballot Measure 49 (2007). At the same time, plaintiffs filed a petition for writ of review to obtain review of the county's vesting decision, as allowed by ORS 195.318(1).[1] The trial court dismissed the declaratory judgment proceeding, because it concluded that the relief requested (overturning the county authorization decision that the Johnsons continued to have vested rights to develop) was exclusively available through the writ of review process under ORS 34.020. We affirm.

These proceedings arise from development approvals obtained by the Johnsons under Ballot Measure 37 (2005) and Measure 49. Measure 37, which was adopted through the initiative process in the 2004 general election, required state and local governments to provide "just compensation" to a property owner when a governmental entity enacted or enforced a post-acquisition land use regulation that restricted the use of the property in ways that reduced its fair market value. ORS 197.352(1).[2] If a property owner qualified for relief, the governmental entity could respond in one of two ways: either by paying the claimant the amount of the reduction of the property's value, ORS 197.352(2), or by deciding to "modify, remove, or not to apply the land use regulation * * * to allow the owner to use the property for a use permitted at the time the owner acquired the property," ORS

---

[1] ORS 195.318(1) provides for judicial review of determinations made under Measure 49:

"A person that is adversely affected by a final determination of a public entity under ORS 195.310 to 195.314 or sections 5 to 11, chapter 424, Oregon Laws 2007, sections 2 to 9 and 17, chapter 855, Oregon Laws 2009, and sections 2 to 7, chapter 8, Oregon Laws 2010, may obtain judicial review of that determination under ORS 34.010 to 34.100, if the determination is made by Metro, a city or a county."

[2] ORS 197.352 was renumbered as ORS 195.305 by legislative counsel in 2007. All references to that statute are to *former* ORS 197.352 (2005).

197.352(8). In the subsequent adjudication of Measure 37 claims, the option to exempt property from otherwise applicable regulations and allow a specified use became known as a "Measure 37 waiver."

However, as we explained in *Kleikamp v. Board of County Commissioners*, 240 Or App 57, 59-60, 246 P3d 56 (2010), Measure 37 "was controversial. The potential disruptive effect of [Measure 37] development, together with a lack of clarity in Measure 37's provisions, led to calls for a revision of the measure." (Brackets in original; internal quotation marks omitted.) In 2007, the legislature referred to the voters a substitute statute, Measure 49, that narrowed the effect of Measure 37, including a reduction in the degree of residential development allowed under a requested Measure 37 waiver. Or Laws 2007, ch 424. The measure was adopted by the voters in a special election held on November 6, 2007, and became effective on December 6, 2007.

Measure 49 redefined the adjudicatory processes, approval standards, and the type of relief for two classes of Measure 37 claims: those filed on or before June 28, 2007, and those filed thereafter. As to the latter class of claims, Measure 49 limited the type of regulations that would require just compensation and refined the processes for establishing reduction in value and obtaining compensation or a regulatory waiver. *See* ORS 195.300 - 195.336. As to the former class of claims, Measure 49 repealed Measure 37 waivers and substituted new authorizations:

> "Among other things, Measure 49 retroactively extinguished previously issued Measure 37 waivers of land use regulations. As a result, landowners who had begun developing their property under authorization granted by Measure 37 waivers could no longer automatically continue to do so. Instead, those landowners had to choose one of three alternative 'pathways' moving forward: an 'express pathway,' a 'conditional pathway,' and 'a third pathway for claimants that have vested rights to carry out claims that have already been approved.'"

*Friends of Yamhill County v. Board of Commissioners*, 351 Or 219, 224-25, 264 P3d 1265 (2011) (citation omitted) (quoting Tape Recording, Joint Special Committee on Land Use

Fairness, SB 1019, Apr 19, 2007, Tape 43, Side A (statement of Richard Whitman, Oregon Department of Justice)).

Section 5 of Measure 49 explained those "pathways":

"A claimant that filed a claim under ORS 197.352 on or before the date of adjournment sine die of the 2007 regular session of the Seventy-fourth Legislative Assembly [June 28, 2007] is entitled to just compensation as provided in:

"(1)   Sections 6 or 7 of this 2007 Act, at the claimant's election, if the property described in the claim is located entirely outside any urban growth boundary and entirely outside the boundaries of any city;[3]

"(2)   Section 9 of this 2007 Act if the property described in the claim is located, in whole or in part, within an urban growth boundary;[4] or

"(3)   A waiver issued before the effective date of this 2007 Act [December 6, 2007] to the extent that the claimant's use of the property complies with the waiver and the claimant has a common law vested right on the effective date of this 2007 Act to complete and continue the use described in the waiver."

Or Laws 2007, ch 424, § 5.

Following the adoption of Measure 49, the county adopted an ordinance that described the process for obtaining a vested rights determination under section 5(3) of Measure 49. Ordinance No. 823 (Dec 19, 2007). The ordinance delegated authority to determine vested rights under Measure 49 to a "review authority," defined as the planning director or an independent vesting officer. *Id.* at §§ 1.11, 2.02. That determination is made based on materials provided by the applicant and evidence and comments from interested persons. *Id.* at §§ 2.06, 3.01. Section 7.02 of Ordinance No. 823 provides for judicial review of vesting decisions, as required by ORS 195.318(1):

---

[3] Section 6 requires approval of up to three lots, parcels, or dwellings under certain circumstances. Section 7 permits discretionary approval of up to 10 homesites under a more narrow set of circumstances.

[4] Section 9 provides that owners of property within the urban growth boundary of a city may qualify to develop one to 10 single-family dwellings under specified circumstances.

"A Final County Vesting Decision of the Review Authority made under this ordinance is subject to review by the Yamhill County circuit court in a Writ of Review proceeding filed under Oregon Revised Statutes Chapter 34 by an Appellant or a person who is adversely affected by a Final County Vesting Decision."

In 2005, the Johnsons obtained Measure 37 waivers from the state and the county to develop their 50-acre property into a 41-lot subdivision for single-family residences. By December 6, 2007, the Johnsons had obtained preliminary and final subdivision plat approval for the property and had spent more than $1 million developing the property. A substantial part of that money, however, was used to build several extremely small "dwellings" on the subdivision lots, purportedly to vest that type of development by December 6, 2007.

Immediately after the adoption of Ordinance No. 823, the Johnsons applied for a vested rights determination from the review authority. The review authority applied the common-law factors for determining a vested right announced by the Supreme Court in *Clackamas Co. v. Holmes*, 265 Or 193, 198-99, 503 P2d 190 (1973), and reiterated in Ordinance No. 823 section 4.01.[5] On March 31, 2008, the review authority determined that the Johnsons had a common-law vested right to complete and continue the use described in the waivers. That determination was affirmed on review by the circuit court, but was reversed and remanded on appeal. *See Biggerstaff v. Board of County Commissioners*, 240 Or App.46, 48, 245 P3d 688 (2010). In *Biggerstaff*, we concluded that the county failed to adequately justify the vested rights determination and that the reviewing court "should have remanded for the county to

---

[5] In *Holmes*, the court established factors for determining whether a common-law vested right exists in a particular case, including (1) the ratio of development expenditures to the total project cost; (2) whether the landowner's expenditures were made in good faith; (3) whether the property owner had notice of the proposed change in law before beginning development; (4) whether the expenditures are related to the completed project or could apply to other uses of the property; (5) the nature, location, and ultimate cost of the project; and (6) whether the owner's acts rise above mere contemplated use or preparation. 265 Or at 198-99. Ordinance No. 823 section 4.01 reiterates those standards and consideration of "[o]ther relevant factors." Those standards are to be applied "based on evidence submitted in the application."

determine the extent and general cost of the project to be vested and to give proper weight to the expenditure ratio factor in the totality of the circumstances of this case." *Id.* at 54 (internal quotation marks omitted). In our decision, we relied upon the analysis of the *Holmes* factors that was articulated in *Friends of Yamhill County v. Board of Commissioners*, 237 Or App 149, 238 P3d 1016 (2010), *aff'd*, 351 Or 219, 264 P3d 1265 (2011).

On remand, the review authority issued a second vesting determination. On September 15, 2011, the county determined that the Johnsons "are vested" with the right to "complete the construction" of the subdivision. On November 10, 2011, the Biggerstaffs petitioned for a writ of review under ORS 34.020, ORS 195.318(1), and Ordinance No. 823 section 7.02. By that time, however, the Supreme Court had issued its decision in *Friends of Yamhill County*, 351 Or 219. Although it affirmed our decision, the Supreme Court opinion changed the analysis of how the *Holmes* factors apply to a Measure 49 vesting determination. *Id.* at 234-48. In order to apply the new analysis from *Friends of Yamhill County*, the Johnsons requested a remand from the reviewing court to the review authority for additional findings.

In August 2012, the reviewing court issued an order for remand instructing the county to make findings of fact and conclusions of law consistent with *Friends of Yamhill County*, 351 Or 219. The order specifically instructed the county to "consider and weigh its findings together with *all* the *Holmes* factors to address whether the Johnsons have established a vested right in the project described in their Measure 37 waiver orders." (Emphasis in original.) The order allowed the county to "take additional evidence to comply with the terms of this order." The court did not provide a specific time within which to act.

The Johnsons filed a "Request for a Final Yamhill County Measure 49 Vesting Determination Upon Remand," with supporting documentation, on January 24, 2014. They relied on their 2007 application and the record of the 2008 and 2011 vesting determinations. Plaintiffs opposed the request, again arguing that the Measure 37 waiver uses had not vested by December 6, 2007. Plaintiffs also argued that

any Measure 37 waiver use was a nonconforming use that had been discontinued because the Johnsons failed to seek action on the July 2012 remand order for more than a year. Plaintiffs relied upon Yamhill County Zoning Ordinance (YCZO) section 1205.06, which provides that, "[i]f any nonconforming use is discontinued for a period of one (1) year, the nonconforming use shall not be resumed and any subsequent use of the property and structure involved shall conform to the requirements of this ordinance."[6] As plaintiffs frame their contention,

"[d]uring the public comment period on the [Johnsons'] application, [plaintiffs] submitted formal comments detailing the [Johnsons'] failure to pursue their vested right claim following the trial court's remand. For this reason, [plaintiffs] requested that the County determine that, because nothing had been done for more than a year, the [Johnsons] had discontinued any right they may have had to finish construction of a nonconforming use."

In June 2014, the review authority rejected plaintiffs' arguments and granted the Johnsons' 2007 application for a vested rights determination. The decision provides:

"The Planning Director, as the review authority under Ordinance 823, makes this (third) final vesting decision on VEST-01-2007, Planning Docket S-01-06. Based on the record, above findings and analysis, the review authority concludes that the applicants have a common law vested right to complete and continue the development and use of the 41-lot subdivision authorized under Docket S-01-06. As 'just compensation' under Section 5 of Measure 49 and as otherwise provided by law, this Final Yamhill County Measure 49 Vesting Determination allows the applicants and/or purchasers of lots in the Ra'Nor Estates subdivision to otherwise complete and continue the residential use of the lots and/or to transfer such lots or homes without restriction other than as specified by the recorded plat or applicable law."

---

[6] YCZO section 1205.06, in turn, implements state law on nonconforming uses. ORS 215.130(7)(a) provides that

"[a]ny [lawful use of any building, structure or land at the time of the enactment or amendment of any zoning ordinance or regulation] may not be resumed after a period of interruption or abandonment unless the resumed use conforms with the requirements of zoning ordinances or regulations applicable at the time of the proposed resumption."

The decision concluded that YCZO section 1205.06 did not apply to abridge any existing or potential vested rights held by the Johnsons. It noted:

"Opponents also argued that the applicants lost any Measure 49 vested rights they may have had, or their ability to pursue those rights, due to their failure to more timely pursue a remand or to continue building their subdivision. The basis for this claim is the nonconforming use provisions in State statute that have been incorporated into the county's zoning ordinance.

"The nonconforming use provisions of the county's zoning ordinance have nothing to do with this vested rights determination. The county rejects the opponent's argument as having no basis in law."

Plaintiffs then separately filed a petition for writ of review and a complaint for declaratory and injunctive relief with the Yamhill County Circuit Court. One of the claims for relief in the writ of review petition asserted that the county erred in failing to determine that the Johnsons had discontinued all or part of their nonconforming use by failing to file their remand request for more than a year after the remand order. Analogously, the complaint for declaratory judgment set out claims for a determination that the county erred in determining the existence of vested rights without considering or applying ORS 215.130(7)(a), YCZO section 1205.06, or the doctrine of laches. The complaint sought a declaration that

"(1)   voids, annuls and undoes the County's determination that ignored the applicable law that applies to determine whether a nonconforming use has been acted upon in a timely fashion consistent with state statute, local ordinance and the common law;

"(2)   issues an order and judgment that the Applicants do not have a vested right in the use described in the waiver orders because of the Applicants discontinuation and/or abandonment;

"(3)   grants such other relief as may be just and equitable."

The Johnsons moved to dismiss the declaratory judgment complaint. In support of their motion, they contended

that the complaint sought review and redetermination of an issue decided by the review authority in the Measure 49 vesting proceeding. The Johnsons argued that review of that Measure 49 determination is exclusively by writ of review under ORS 195.318(1), Ordinance No. 823 section 7.01, and ORS 34.102(2).[7] The trial court agreed and issued an order dismissing the declaratory judgment complaint:

> "This Court does not have jurisdiction to issue Declaratory Judgment and Injunctive Relief in this case because the Writ of Review is Plaintiffs' exclusive remedy under ORS Chapter 34, Ballot Measure 49 and Ordinance 823. The same issues raised in this case have been raised in Writ of Review Case No. 14CV08963 which is the appropriate mechanism for judicial review of Yamhill County's Ballot Measure 49 vesting decision. As a result, Defendants·Ralph and Norma Johnson's Motion to Dismiss Plaintiffs' Complaint for Declaratory Judgment and Injunctive Relief is granted. Nothing in this judgment of dismissal affects the Writ of Review proceeding filed in Case No. 14CV08963."[8]

Plaintiffs appeal from the trial court's judgment, which incorporated that order.

On appeal, plaintiffs contend that the county decision only made a vested rights determination based on an application of the *Holmes* factors. Plaintiffs assert that they seek review of that determination in the petition for writ of review and not by way of the declaratory judgment complaint. According to plaintiffs, in this case, they seek a declaration regarding an issue that was *not* decided in the Measure 49 proceeding and that requires a different record to determine whether the Johnsons discontinued their nonconforming use under YCZO section 1205.06 and ORS 215.130(7)(a). Plaintiffs characterize the county's reference to their nonconforming use discontinuance claim in the

---

[7] ORS 34.102(2) provides, in part, that "decisions of the governing body of a municipal corporation acting in a judicial or quasi-judicial capacity and made in the transaction of municipal corporation business shall be reviewed only as provided in ORS 34.010 to 34.100, and not otherwise."

[8] For the same reason, the court denied plaintiffs' motion to consolidate the writ of review and declaratory judgment cases, concluding that "this Court finds that the Writ of Review is Plaintiffs' exclusive judicial remedy in the review of Yamhill County's Ballot Measure 49 vesting decision."

Measure 49 decision as a "failure to apply applicable state and local statutory law." Thus, in plaintiffs' view, the question of the application of those laws to the Johnsons' nonconforming use is justiciable under the Uniform Declaratory Judgments Act, ORS 28.010 - 28.160, and the court erred in dismissing their declaratory judgment complaint as nonjusticiable. *See* ORS 28.010 ("Courts of record * * * shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed.").

Defendants respond that, as part of the vested rights decision, the county determined that its code provisions on discontinuance of a nonconforming use were immaterial and did not apply to a Measure 49 vesting proceeding. According to defendants, that determination was part of the Measure 49 decision and, therefore, was subject to review solely by writ of review under ORS 195.318(1) and, as part of a quasi-judicial decision, was subject to review exclusively under ORS 34.020.[9]

Whether the court erred in concluding that ORS 34.010 to 34.102 is the exclusive remedy to review the county determination (and, correspondingly, whether that determination is not subject to a declaration under ORS 28.010 to 28.160) presents a question of law, which we review for legal error. *Hicks v. Central Point School Dist.*, 270 Or App 532, 539-40, 348 P3d 307, *rev den*, 357 Or 743 (2015).

We conclude that the trial court was correct; a writ of review is the exclusive means to obtain review over all parts of the 2014 vested rights decision, including the determination that the nonconforming use provisions in the county's zoning ordinance do not apply to Measure 49 authorizations. Thus, the court did not err in declining to enter a declaratory judgment on the legal sufficiency of the vested rights decision.

---

[9] Alternatively, defendants contend that the county was correct in concluding that the nonconforming use discontinuance code provision does not apply to Measure 49 vested uses, so that the court did not err in refusing to declare to the contrary. Dismissal of a declaratory judgment complaint, however, is not appropriate because the requested declaration is incorrect as a matter of law. Rather dismissal is warranted only for want of a justiciable controversy. *Curry v. Clackamas County*, 240 Or App 531, 536, 248 P3d 1, *rev den*, 350 Or 573 (2011).

Plaintiffs cast the nonconforming use discontinuance part of the 2014 vested rights decision as a "failure to act, * * * [a] failure to apply applicable state and local statutory law despite the mandatory language in the law." Thus, plaintiffs assert that there is nothing to review under ORS 34.020, and the only viable remedy is a declaration of the meaning and effect of ORS 215.130(7)(a) and YCZO section 1205.06.

Plaintiffs miscast the vested rights decision. In the hearing on the Measure 49 authorization, plaintiffs presented evidence and argument to the reviewing authority that ORS 215.130(7)(a) and YCZO section 1205.06 applied to prevent issuance of a vested rights determination because those rights had been discontinued and abandoned. The review authority concluded that plaintiffs' argument had "no basis in law." More specifically, the review authority determined that those laws (the "nonconforming use provisions of the county's zoning ordinance") do not apply to ("have nothing to do with") a determination that the Johnsons had a present vested right to complete and continue a land use that was established as of December 5, 2007 ("this vested rights determination"). The county necessarily concluded that a pending Measure 49 vested rights determination is not a "nonconforming use" under YCZO section 1205.06, the nonconforming use discontinuance policy, so as to be subject to loss by inaction.

Whether the county's determination on that point was correct is immaterial for our purposes. The salient point is that the county *made that determination*. In their declaratory judgment complaint, plaintiffs asked the court to decide that the county's determination was wrong because the county misapplied its ordinances. As noted, in their complaint, plaintiffs requested a declaration that "voids, annuls and undoes the County's [vested rights] determination." That request directly sought to have the court "review[] [the vested rights decision] for errors." However, ORS 34.020 allows a party to a proceeding to "have the decision or determination thereof reviewed for errors, as provided in ORS 34.010 to 34.100 [the writ of review statutes], *and not otherwise.*" (Emphasis added.) Thus, a request to correct an alleged error in a quasi-judicial decision is justiciable only

by writ of review and "not otherwise" by means of a declaratory judgment proceeding.

We have construed ORS 34.020 to state the exclusive remedy to review a quasi-judicial decision to correct an error described in ORS 34.040 and to preclude a declaratory judgment for the same relief.[10] *See Hicks,* 270 Or at 540-41 ("When a writ of review under ORS 34.010 to 34.102 is available to challenge a local government's action, the writ of review provides the exclusive mechanism by which such action may be challenged, depriving a court of jurisdiction to review the challenged action under the Uniform Declaratory Judgments Act, ORS 28.010 to 28.160."); *State ex rel City of Powers v. Coos County Airport,* 201 Or App 222, 231, 119 P3d 580 (2005), *rev den,* 341 Or 197 (2006) ("[T]he exclusivity language in ORS 34.020 makes the writ of review the exclusive means by which quasi-judicial and judicial actions of local governments can be challenged."); *Pangle v. Bend-LaPine School District,* 169 Or App 376, 385, 10 P3d 275 (2000), *rev den,* 332 Or 558 (2001) (declaratory judgment action for "substantially the same relief" must be dismissed where writ of review is available); *see also Brooks v. Dierker,* 275 Or 619, 624-25, 552 P2d 533 (1976) (declaratory judgment remedy inappropriate when writ of review remedy was available to secure judicial review).[11] Those cases dictate the result here.

Plaintiffs filed a petition for writ of review seeking a determination that the county misconstrued YCZO section 1205.06 when it issued its vested rights determination.

---

[10] ORS 34.040 allows issuance of a writ of review when an inferior court, in the exercise of judicial or quasi-judicial functions, appears to have exceeded its jurisdiction, failed to follow applicable procedure, made a finding without substantial evidence, improperly construed the applicable law, or made a decision that is unconstitutional.

[11] The court in *Brooks* quoted Edwin Borchard, *Declaratory Judgments* 302 (2d ed 1941):

"'[T]he court will refuse a declaration where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, *or where another remedy will be more effective or appropriate under the circumstances.* In these cases it is neither useful nor proper to issue the declaration.'"

275 Or at 624 (emphasis in *Brooks*).

Because plaintiffs' declaratory judgment complaint seeks "substantially the same relief" as that petition, and because the writ of review is the exclusive remedy for that relief under ORS 34.020, ORS 195.318(1), and Ordinance No. 823 section 7.02, the trial court did not err in dismissing the declaratory judgment complaint.

Affirmed.