Argued and submitted February 10, 2015, affirmed September 28, 2016

Thomas J. MARTIN,
Trustee, for the B & C Family Trust,
*Plaintiff-Appellant,*

*v.*

LANE COUNTY,
a political subdivision of the State of Oregon,
*Defendant-Respondent.*

Lane County Circuit Court
161209918; A154387

383 P3d 903

Michael Vergamini argued the cause and filed the brief for appellant.

Stephen E. Dingle argued the cause for respondent. With him on the brief was Lane County Office of Legal Counsel.

Before Sercombe, Presiding Judge, and Hadlock, Chief Judge, and Tookey, Judge.

**HADLOCK, C. J.**

Petitioner, who owns land in rural Lane County that he would like to develop, filed a petition seeking declaratory relief under ORS 28.020 to 28.160, in the form of a declaration that the zoning of his property is subject to a "special ordinance" enacted by the county in 1979, rather than the subsequently enacted comprehensive plan. The county moved to dismiss the petition under ORCP 21 (A)(1) for lack of subject matter jurisdiction, asserting that the petition sought review of a "land use decision" as defined by ORS 197.015(10)[1] that fell within the exclusive jurisdiction of the Land Use Board of Appeals (LUBA). ORS 197.825(1).[2] The county also asserted that the petition should be dismissed as untimely under ORCP 21 A(9). The trial court granted the dismissal motion. On petitioner's appeal, we affirm on the basis that the trial court lacked subject matter jurisdiction. Accordingly, we do not address the county's alternative contention that the petition was untimely.

In addressing the county's motion to dismiss for lack of subject matter jurisdiction, the court could consider "matters outside the pleading, including affidavits, declarations and other evidence presented to the court." ORCP 21 A(1).[3] In their pleadings, the parties quoted from, cited, attached,

---

[1] Under ORS 197.015(10)(a), a "land use decision" includes:

"(A) A final decision or determination made by a local government or special district that concerns the adoption, amendment or application of:

"(i) The goals;

"(ii) A comprehensive plan provision;

"(iii) A land use regulation[.]"

[2] ORS 197.825(1) provides, in part:

"Except as provided in ORS 197.320 and subsections (2) and (3) of this section, the Land Use Board of Appeals shall have exclusive jurisdiction to review any land use decision[.]"

[3] ORCP 21 (A)(1) provides, in part:

"If, on a motion to dismiss asserting [a lack of subject matter jurisdiction] the facts constituting such defenses do not appear on the face of the pleading and matters outside the pleading, including affidavits, declarations and other evidence, are presented to the court, all parties shall be given a reasonable opportunity to present affidavits, declarations and other evidence, and the court may determine the existence or nonexistence of the facts supporting such defense or may defer such determination until further discovery or until trial on the merits."

and incorporated by reference a number of documents that we also consider in our review of the trial court's ruling. *See Black v. Arizala*, 337 Or 250, 265, 95 P3d 1109 (2004) (explaining that a court has authority to consider matters outside the pleadings in addressing a motion to dismiss for lack of jurisdiction under ORCP 21 A(1) but "must use care to insure that its determination of the facts on a motion to dismiss does not interfere with a party's right to trial on disputed questions of material fact"). In considering the sufficiency of the petition, we review the trial court's ruling for errors of law, *Campbell v. Tardio*, 261 Or App 78, 80, 323 P3d 317 (2014), and assume the truth of the facts alleged, to the extent that they are not contradicted by additional facts in the record. *Flight Shop, Inc. v. Leading Edge Aviation, Inc.*, 277 Or App 638, 640, 373 P3d 177 (2016); *Nordbye v. BRCP/GM Ellington*, 271 Or App 168, 174, 349 P3d 639 (2015). Here, the facts as set forth in the pleadings and as supplemented by the documents presented by the parties in association with those pleadings are undisputed.

Petitioner, as trustee of a revocable living trust, owns property in rural Lane County. Petitioner lived in a mobile home on the subject property from 1979 through at least 1997. In January 1979, before petitioner had acquired the property, the county adopted Lane County Zoning and Land Use Ordinance No. 710, which changed the zoning of the subject property from farm/forest use to "Agriculture, Grazing and Timber Raising" (AGT-5), with a five-acre minimum lot size.

In February 1984, the county adopted its comprehensive plan, Lane County Ordinance No. PA 884, which stated:

> "1.   The Plan Designation and Zones as set forth on the attached maps * * * are hereby applied to Rural Lane County outside the Metropolitan Area General Plan Boundary and outside all Urban Growth Boundaries * * *[.]

> "2.   With the exception of [seven listed plans] the prior Plan and Zone designations are repealed."

The subject property was not within one of the exceptions listed in PA 884-2. Under PA 884, the subject property would

be zoned under the Lane County land use code as Exclusive Farm Use with a 40-acre minimum (EFU-40).

Petitioner would like to develop the subject property. In May 2012, he filed a "complaint" for a declaratory ruling in circuit court, alleging:

> "[A] controversy began in 2007 through 2012 when the defendant's Land Management Department told [plaintiff] that *** Ordinance 710 had been repealed by a General Act named PA884 in 1984, and that the District where plaintiff's tax lots are located now require 40 acres per parcel for any development to take place[.]"

Petitioner sought a declaration that the zoning of the subject property was subject to Ordinance 710. In response to a motion to dismiss, petitioner filed an amended "petition" for declaratory relief, alleging that petitioner wishes to develop the subject property and that the zoning of the subject property must be resolved in order to determine the requirements for development. The petition alleges that, beginning in July 2011, plaintiff attempted to learn the correct zoning of the subject property from the county's land management division, but to no avail.[4] The petition alleges that Ordinance 710 governs the zoning of the subject property and that "the Lane County Planning Division has operated and continues to operate under an erroneous interpretation" that PA 884 repealed Ordinance 710. The petition seeks a declaration that Ordinance 710 governs the zoning of the subject property.

The county's land use code provides that it is the duty of the planning director to "administer and interpret the provisions and requirements" of the code. LC 10.025-10. The Lane County Board of Commissioners, in turn, hears appeals alleging an error or omission by the planning director.

---

[4] The petition alleges that petitioner

"wrote a letter to the Lane County Planning Director requesting verification of what type of zoning requirements, whether as an EFU-40 or as an AGT 5 zone, under which a building permit would issue according to the County's statutory interpretation of Ordinance PA 884. Several attempts were made by Petitioner to seek written or verbal clarification of this question from the County Planning Division in the fall of 2011, in late March 2012 and in June 2012 through meetings with staff at the County Planning Division Office."

LC 10.025-15. The record in this case includes evidence, submitted with the parties' pleadings, concerning petitioner's interactions with the county's land-management division. The pleadings and the record show that on several occasions, the county, through its land-management division, provided petitioner with an opinion concerning the zoning of the subject property, including an interpretation that the county's comprehensive plan, PA 884, supersedes prior zoning and controls the zoning of the subject property. For example, petitioner brought an action against the planning director in the United States District Court for the District of Oregon, alleging a violation of 42 USC section 1983. As an attachment to the county's memorandum in support of its motion to dismiss the petition for declaratory judgment, the record in this case includes the district court's order dismissing plaintiff's action on summary judgment. In its recitation of the undisputed facts, the district court stated that in August 2006, Lane County planner Matt Laird informed petitioner that the AGT 5 zoning of the subject property had been repealed in 1984 and that the subject property was zoned "E40" and subject to a 40-acre land division requirement under PA 884. As an attachment to the county's answer and affirmative defenses, the record also includes a September 2006 letter to petitioner from the county's planning director, Kent Howe, summarizing the history of the zoning of the property:

> "The property was originally zoned Farm/Forest (FF-20) with a 20 acre minimum land division. In 1979, the Board adopted Order 79-3-6-3 which changed the zoning to Agriculture, Timber and Grazing (AGT05) with a 5 acre minimum land division. In 1984 in a legislative action to comply with the state mandate of the 1973 Senate Bill 100, the Board of County Commissioners adopted Ordinance No. PA 884 which repealed all prior zoning districts and zoned the subject property Exclusive Farm Use (E40) placing a 40 acre land division on the property."

Additionally, the county alleged in its answer and affirmative defenses in this proceeding that, in 2008, petitioner sought a permit to build a house on the subject property and that, on May 7, 2008, planning director Howe responded:

"This letter is sent to address your request of May 1, 2008, to be given a building permit or rights to such a permit ***. As you know, the subject property is zoned Exclusive Farm Use (E40/RCP). If you wish to replace the mobile home that was placed in the early 1970's you need to make an application for "Verification of Replacement Rights" in the Exclusive Farm Use (E40) zone, pursuant to [Lane County Ordinance] 16.212(5)(a). Once the application is submitted, Lane County will then make a land use decision to determine if the dwelling was lawfully established."[5]

The county moved to dismiss the petition for lack of jurisdiction, asserting that the county had made a land use decision interpreting its comprehensive plan, that petitioner simply disagrees with the county's interpretation, and that review of the correctness of that land use decision is within LUBA's exclusive jurisdiction. In response to the motion, petitioner did not dispute that characterization of the county's decision (except for the county's conclusion about jurisdiction) but argued that

"[t]he question raised in the Petition for Declaratory relief is whether PA 884 has properly been interpreted by the County, according to the rules of statutory construction, case law, legislative intent and the plain language of the Ordinance, to repeal PA 710 and if not, whether and how PA 884 should be interpreted in conjunction with PA 710."[6]

The trial court granted the county's motion to dismiss without explanation.

As previously noted, under ORS 197.825(1), LUBA is vested with exclusive jurisdiction to review land use

---

[5] Petitioner did not pursue the application process described in the letter. In 2006, petitioner filed a claim under Measure 37 (2004) seeking a waiver of land use restrictions, but that claim became moot upon the passage of Measure 49 (2007), which displaced Measure 37. *See Corey v. DLCD*, 344 Or 457, 184 P3d 1109 (2008) (explaining history of measures). In 2007, plaintiff brought a claim against Howe in federal district court under 42 USC section 1983, protesting the county's application of PA 884 to the property. The county prevailed on summary judgment in that action.

[6] Petitioner also did not dispute the county's assertion in its answer that petitioner has been in discussions with the county at least since 2008 concerning the zoning of his property and that, in 2008, the county planning director advised petitioner that PA 884 had superseded Ordinance 710 and that the property was zoned "E40."

decisions. Under ORS 197.015(10)(a), a land use decision includes

"[a] final decision or determination made by a local government or special district that concerns the adoption, amendment or application of:

"(i)   The goals;

"(ii)  A comprehensive plan provision;

"(iii) A land use regulation[.]"

On appeal, petitioner asserts that the trial court erred in concluding that exclusive jurisdiction lies with LUBA, because the requested interpretation of the two county ordinances is not a "land use decision;" rather, petitioner describes the issue before the court as a simple matter of statutory construction—*i.e.*, whether PA 884—a "general county ordinance"—can be interpreted to repeal Ordinance 710—a "special ordinance" that includes findings of fact pertaining to petitioner's property, "where the general ordinance does not specifically repeal or otherwise indentify the special ordinance." Citing *Leupold & Stevens, Inc. v. City of Beaverton*, 226 Or App 374, 203 P3d 309 (2009), petitioner contends that when, as here, there is a justiciable controversy, a court retains authority to determine the meaning of statutes or ordinances and to declare the rights and duties of parties. The county responds that *Leupold* is inapposite, because, unlike here, the interpretive issue in *Leupold* did not involve an application of land use planning goals or a comprehensive plan provision.

We agree with the county that *Leupold* does not support petitioner's contention that the court had jurisdiction to consider petitioner's claim. In *Leupold*, while an appeal of the city's annexation ordinance was pending before LUBA, the legislature enacted Senate Bill 887 (2005), Or Laws 2005, ch 844, § 6, which restricted the city's ability to annex certain industrial property without the owner's consent. LUBA upheld the annexation, as did this court.[7] Leupold then brought an action in circuit court seeking a

---

[7] *Leupold & Stevens, Inc. v. City of Beaverton*, 206 Or App 368, 138 P3d 23, *rev den*, 341 Or 579 (2006).

declaration regarding the application of Senate Bill 887 (2005). The circuit court dismissed the action for lack of subject matter jurisdiction, reasoning that the issue concerned a land use decision within LUBA's exclusive jurisdiction. We reversed the circuit court's judgment, holding that the court had authority in a declaratory judgment action to consider the validity of the City of Beaverton's annexation ordinance after the legislature's enactment of Senate Bill 887 (2005). We explained that LUBA's jurisdiction over land use decisions "does not negate a court's ability to determine the meaning of statutes or ordinances and to declare the rights and duties of parties thereunder." 226 Or App at 378. Although an annexation decision is a land use decision, we explained that the declaratory judgment action did not seek review of the city's annexation decision; rather, the action sought to require the city to make a decision as to the applicability of Senate Bill 887. Senate Bill 887 (2005), in turn, did not itself involve application of land use planning goals or any comprehensive plan provision—it simply precluded the city from annexing property that met the criteria listed in the bill. We held that "a decision that did nothing more than determine the applicability of the 2005 law would not meet the statutory definition of a 'land use decision.'" 226 Or App at 380.

Petitioner characterizes the question here as similar to the issue involved in *Leupold*, concerning only an interpretation as to the effect of the county's comprehensive plan on Ordinance 710 and not an application of the comprehensive plan to the subject property. But the pleadings and associated record reflect otherwise. What petitioner seeks here is review of the county planning director's interpretation of county land use laws. At least since 2006, petitioner has been seeking to develop the subject property and has attempted to circumvent the county's determination that the subject property is zoned EFU with a 40-acre minimum. The county's planning director, as the person authorized by the Lane County Code to determine applicable zoning, LCC 10.025-10, has determined that the development of the subject property is subject to the zoning set forth in the county's comprehensive plan. A county's interpretation of its zoning ordinance is a land use decision that LUBA has jurisdiction to

review. ORS 197.015(10)(a); *Flying J., Inc. v. Marion County*, 201 Or App 99, 106, 117 P3d 1027 (2005) (determination by county of applicable zoning is a land use decision); *see also Medford Assembly of God v. City of Medford*, 297 Or 138, 140, 681 P2d 790 (1984) (interpretation by city of conditional use permit ordinance as applied to petitioner's land was a "land use decision" subject to review by LUBA); *Grabhorn, Inc. v. Washington County*, 255 Or App 369, 297 P3d 524, *rev den*, 353 Or 867 (2013) ("A local government's denial of a requested declaration of rights based on an interpretation of its land use regulations is a 'land use decision' under ORS 197.015(10)."). The planning director's determinations provided a preliminary interpretation of the county's zoning ordinances, but petitioner never pursued the administrative process with the county that would have resulted in a final determination subject to review by LUBA. LCC 10.025-15 (providing for appeal of decisions by planning director to the Board of Commissioners).

We conclude that petitioner, having failed to properly pursue review of the county's land use decision, cannot now pursue his contentions regarding that decision through a declaratory judgment action. *See Friends of Yamhill County v. Board of Commissioners*, 278 Or App 472, 483-84, 377 P3d 670 (2016) (circuit court lacked jurisdiction under the Declaratory Judgment Act to review a quasi-judicial decision that, per ORS 34.020, was reviewable under ORS 34.010 to 34.100 "and not otherwise"); *Flight Shop*, 277 Or App at 645 ("The circuit courts * * * lack jurisdiction over an action that raises issues that could have been, but were not, raised through a land use decision and 'through an appeal to LUBA from that decision.'"); *Grabhorn, Inc.* 255 Or App at 379 (dismissing for lack of subject matter jurisdiction a declaratory judgment action "as either an improper appeal [of a land use decision] or an improper request for an initial land use decision from the trial court that would override the county's" decision on the same subject). The court did not err in dismissing the petition.

Affirmed.